CLIFTON W. BARTLETT *vs.* IRWIN W. HALL.

Bristol.    October 22, 1934. — December 8, 1934.

Present: RUGG, C.J., PIERCE, FIELD, DONAHUE, & LUMMUS, JJ.

*Limitations, Statute of.    Statute,* Construction.    *Damages,* For tort. *Words,* "Bodily injuries."

A cause of action of a husband for consequential damages against one through whose negligence his wife has sustained personal injuries accrues upon the commission of the negligent act.

The words, "bodily injuries," in G. L. c. 90, § 34A, in the amended form appearing in St. 1928, c. 381, § 4, did not include consequential damages, and actions for consequential damages were not "actions of tort for bodily injuries or for death the payment of judgments in which is required to be secured by chapter ninety" within the meaning of that phrase in G. L. c. 260, § 4, in the amended form appearing in St. 1929, c. 29, § 1, and were not subject to the one year limitation specified thereby; and therefore an action, commenced by a husband in September, 1932, for consequential damages resulting from personal injuries sustained by his wife in November, 1929, by reason of negligent operation of an automobile by the defendant, was not barred under said c. 260.

St. 1930, c. 340, § 1, further amending said § 34A, was not a statute of limitation and had no retroactive effect nor any effect upon the period of limitation applicable to the action above described.

TORT.    Writ in the Third District Court of Bristol dated September 24, 1932.

The action was heard in the District Court by *Doran,* J., who found for the defendant. A report to the Appellate

Division for the Southern District was ordered dismissed. The plaintiff appealed.

The case was submitted on briefs.

*J. G. Bryer*, for the plaintiff.

*J. F. Francis*, for the defendant.

LUMMUS, J.   The plaintiff's wife was hurt on November 27, 1929, in a collision between an automobile operated by her and one operated by the defendant. On September 24, 1932, the plaintiff brought this action for consequential damages.   His cause of action accrued on November 27, 1929, although the medical expenses were not then paid or even incurred.   *Capucci* v. *Barone*, 266 Mass. 578, 581.   The trial judge found for the defendant, ruling that the action was barred by the statute of limitations.   The Appellate Division sustained that ruling, and the plaintiff appealed to this court.

By G. L. c. 260, § 2, Second, actions of tort (with the exception of certain actions which did not include actions against individuals for consequential damages resulting from negligence, specified in G. L. c. 260, § 4) might be commenced within six years next after the cause of action accrued.   By the compulsory motor vehicle liability insurance act, St. 1925, c. 346, § 10, the exceptional class of actions which under G. L. c. 260, § 4, must be commenced "within one year next after the cause of action accrues" was increased by adding thereto "actions of tort for bodily injuries or for death the payment of judgments in which is required to be secured by chapter ninety" of the General Laws, as amended by the compulsory motor vehicle insurance act. Sts. 1929, c. 29; 1931, c. 458, § 5; G. L. (Ter. Ed.) c. 260, § 4; and St. 1933, c. 318, § 5, repeat the same language.

Besides other restrictions immaterial to this case, the "actions of tort for bodily injuries or for death the payment of judgments in which is required to be secured by" G. L. c. 90, were restricted to "actions to recover damages for bodily injuries, including death at any time resulting therefrom."   St. 1925, c. 346, § 2, inserting § 34A in G. L. c. 90; St. 1928, c. 381, § 4.   Then by St. 1930, c. 340, § 1, which took effect in substance on January 1, 1931, after the last

quoted words were inserted the words, "and judgments rendered as aforesaid for consequential damages consisting of expenses incurred by a husband, wife, parent or guardian for medical, nursing, hospital or surgical services in connection with or on account of such bodily injuries or death." See also G. L. (Ter. Ed.) c. 90, § 34A. In deciding that a noncompulsory policy of insurance against liability for "damages on account of bodily injuries" covered consequential damages, this court said, speaking of the amendment of 1930, "The inference is permissible that the General Court thought that consequential damages were not covered by St. 1928, c. 381, § 4, as to motor vehicle insurance." *Cormier* v. *Hudson*, 284 Mass. 231, 236. The opinion in that case discusses the earlier decisions in which slight differences in phraseology. or surrounding circumstances have produced varying results as to the inclusion of consequential damages within the class of damages for bodily or personal injury. Although the exact point was not decided, the discussion in that case shows that, prior to the amendment of 1930, actions for consequential damages were not entitled to the security required by the compulsory motor vehicle liability insurance act, and for that reason were not limited to one year under that act. Further discussion is not required. If the result be deemed anomalous, nevertheless it is that which the statutes in force at the time of the injury required.

The amendment of 1930 was not a statute of limitation, had no retroactive effect, and provided merely that, for the future, security should be given for certain consequential damages. Only incidentally, with respect to subsequent injuries, did it affect the period of limitation. Therefore the amendment of 1930 did not start running a period of limitation of one year. See *Mulvey* v. *Boston*, 197 Mass. 178, 182, *et seq.*; *Cunningham* v. *Commonwealth*, 278 Mass. 343, 345.

The findings show that the plaintiff paid $407.25 for medical expenses as a result of the injury to his wife, that that injury was caused by negligence of the defendant, and that there was no contributory negligence of the wife. See

*Thibeault* v. *Poole,* 283 Mass. 480. But in the absence of express finding that the expenses were reasonable, and that the wife has not claimed reimbursement for them herself, we think it better simply to correct the error in ruling that the action is barred by the lapse of one year, than to order final judgment.

*Order dismissing report reversed.*