Williams, J.
 

 Does a judgment denying recovery in the wife’s action for personal injuries constitute a bar to the husband’s action for loss of services?
 

 The rule of
 
 res judicata
 
 is laid down in
 
 State
 
 v.
 
 Cincinnati Tin & Japan Co.,
 
 66 Ohio St., 182, 64 N. E., 68, in these words: “To constitute the record of an action h bar of
 
 res adjudicata
 
 it must appear in the record itself that the party against whom it is offered was a party or privy in blood or estate to the former action, or assisted in the prosecution or defense thereof for some benefit of his own.”
 

 It was held in
 
 B. & O. Rd. Co.
 
 v.
 
 Glenn,
 
 66 Ohio St., 395, 64 N. E., 438, that the' right of action by the husband for loss of services remains unimpaired and unaffected by reason of the fact that the wife has brought suit and recovered damages suffered by her. But the exact question presented in the instant case has not been heretofore determined by this court.
 

 There is practically an unbroken line of authority to the effect that an adjudication unfavorable to the wife in an action for personal injuries is no- bar to an action by the husband, for los's of services or consortium growing out of the same injuries.
 
 Womach
 
 v.
 
 City of St. Joseph,
 
 201 Mo., 467, 100 S. W., 443;
 
 Duffee
 
 v.
 
 Boston Elevated Ry. Co.,
 
 191 Mass., 563, 77 N. E., 1036;
 
 Brierly
 
 v.
 
 Union Rd. Co.,
 
 26 R. I., 119, 58 A., 451;
 
 Erickson
 
 v.
 
 Ruckley,
 
 230 Mass., 467, 120 N. E., 126.
 

 The fundamental reasons for the conclusions reached
 
 *127
 
 in these cases are that the canses of action are not the same, that the parties are not the same, and that there is no privity between the husband and wife in the assertion of their respective demands.
 

 Instructive treatments of the subject may be found in 30 Corpus Juris, 961, Section 684; 13 Ruling Case Law, 1412, 1416, Sections 461 and 465; 2 A. L. R., 592, annotation.
 

 A careful consideration of the underlying principles involved leads to but one conclusion.
 

 It often happens that when 'a tort has been committed several persons are injured by one negligent act. One may take as an illustration the wrecking of a bus through the negligence of the operator, which results in injury to several passengers. There is but one wrong committed and that is the tortious act of the driver; yet several actions may be brought as a result thereof. Each passenger injured has a separate right of action for the personal injury he sustains, and each right of action may be asserted in a separate suit; but all the causes of action are founded on the same wrong. So it is as to the two actions with which the court is concerned in the instant case. There was but one wrong but from it sprang two separate and distinct rights of action, one in the husband and the other in the wife. Their actions are wholly distinct and separate from each other and since there is no privity between them in the connection involved, an adjudication in one could not properly be
 
 res judicata
 
 in the other.
 

 Of course the burden is on the plaintiff husband to prove that the alleged tort-feasor is guilty of negligence which directly contributed to his loss and damage, and the contributory negligence of the wife would be a defense, but the issues are to be defermined wholly independently of any adjudication in the suit brought by the wife; in fact, the husband may bring his action whether or not the wife sues.
 

 
 *128
 
 It is further contended that the suit for loss of services, being derivative, is barred by the statute of limitations fixed by Section 11224-1, General Code.
 

 It already has been made plain that the action of the husband is not derivative.
 

 The statutes of limitation involved in the instant action are Sections 11224 and 11224-1, General Code, which read as follows:
 

 Section 11224: “An action for either of the following causes, shall be brought within four years after the cause thereof accrued:
 

 “1. For trespassing upon real property;
 

 “2. For the recovery of personal property, or for taking or detaining it;
 

 “3. For relief on the ground of fraud;
 

 “4. For an injury to the rights of the plaintiff not arising on contract nor hereinafter enumerated.
 

 “If the action be for trespassing under ground or injury to mines, or for the wrongful taking of personal property, the causes thereof shall not accrue until the wrongdoer is discovered; nor, if it be for fraud, until the fraud is discovered.”
 

 Section 11224-1: “An action for bodily injury or injuring personal property shall be brought within two years after the cause thereof arose.”
 

 It is contended by the appellant that the husband’s action for loss of services and expenses for care including medical expenses constitutes “an action for bodily injury” within the meaning of Section 11224-1, General Code.
 

 There are many authorities which throw more or less light on the question involved but it is difficult if not impossible to reconcile all of them.
 

 In
 
 Mulvey
 
 v.
 
 City of Boston,
 
 197 Mass., 178, 83 N. E., 402, 14 Ann. Cas., 349, an action was brought by the husband for the loss of services of his wife and expenses for her sickness growing out of an injury received by her through the alleged negligence of the
 
 *129
 
 defendant. It was contended that the action was barred under the statute which prescribed the limitation of two years for “injuries to the person,” and the court held that the statute was broad enough to cover the action of the husband.
 

 In
 
 Smith
 
 v.
 
 Buck,
 
 119 Ohio St., 101, 162 N. E., 382, it was held that the words “personal injury” involved an injury to the reputation of a person. It is therefore apparent that the expression is broader than “bodily injury.”
 

 In
 
 Williams
 
 v.
 
 Nelson,
 
 228 Mass., 191, 117 N. E., 189, the husband recovered damages against a person who had through negligence inflicted injuries on the wife of the plaintiff husband. It was held that he could not recover against the insurance company the amount of his judgment, because the statute limited recovery to a judgment for bodily injury which did not include the husband’sS loss of consortium. This language may be found in the opinion at page 196:
 

 “The husband of the female plaintiff recovered judgment against the insured for the loss or damages sustained by him because of the physical injury to his wife. The question is whether this judgment is for the‘bodily injury . . . of any person.’ Bodily injury imports harm arising from corporeal contact. In this connection ‘bodily ’ refers to an organism of flesh and blood. It is not satisfied by anything short of physical, and is confined to that kind of injury. It does not include damage to the financial resources of the husband arising from a bodily injury to his wife.
 
 Hey
 
 v.
 
 Prime,
 
 197 Mass., 474 [84 N. E., 141, 17 L. R. A. (N. S.), 570], and cases cited.
 
 Keating
 
 v.
 
 Boston Elevated Railway,
 
 209 Mass., 278, 282 [95 N. E., 840]. Personal injury in other connections has been held to be of more comprehensive significance.
 
 Mulvey
 
 v.
 
 Boston,
 
 197 Mass., 178, 180 [14 Ann. Cas., 349, 83 N. E., 402].
 
 Madden’s Case,
 
 222 Mass., 487, 492 [111 N. E., 379, L. R. A. 1916 D., 1000]. But ‘bodily injury...
 
 *130
 
 of any person’ cannot reasonably be held to include the kind of loss suffered by tbe husband.”
 

 That case is cited in
 
 New Amsterdam Casualty Co.
 
 v.
 
 Nadler,
 
 115 Ohio St., 472, 476, 154 N. E., 736.
 

 In the case of
 
 Bartlett
 
 v.
 
 Hall,
 
 288 Mass., 532, 193 N. E., 360, it was held that an action based on a compulsory automobile liability policy for consequential injuries to plaintiff’s wife in automobile accident was not within an amendment requiring “actions of tort, for bodily injuries or for death the payment of judgments in which is required to be secured” by compulsory motor vehicle insurance, to be instituted within one year after the cause of action accrued.
 

 Upon principle it would seem that the husband’s action is for the financial loss he has suffered from the alleged wrong committed by the defendant and not for bodily injury. The husband suffered no injury of that kind himself. The bodily injury contemplated in the statute is that sustained to the person of the plaintiff that brings the action.
 

 This court reaches the conclusion that the husband’s action was not barred by the two-year statute of limitation but is controlled by the four-year statute of-limitation as provided by Section'11224, G-eneral Code, and comes within the fourth paragraph of that section which reads as follows: “For an injury to the rights of the plaintiff not arising on contract nor hereinafter enumerated.”
 

 For the reasons given judgment of the Court of Appeals will be affirmed.
 

 Judgment affirmed.
 

 Weygandt, 0. J., Stephenson, Jones, Matthias, Day and Zimmerman, JJ., concur.