ALBINO BARBATE *vs.* HAROLD LAVALLEE.

Suffolk.   November 3, 1937. — February 4, 1938.

Present: FIELD, LUMMUS, QUA, & DOLAN, JJ.

*Limitations, Statute of. Damages, For tort. Words, "Bodily injuries."*

The amendment of § 34A of G. L. c. 90 by St. 1930, c. 340, § 1, to include consequential damages within compulsory motor vehicle insurance, without a comparable change in § 4 of G. L. c. 260, did not bring an action for such consequential damages within said § 4.

TORT. Writ in the Municipal Court of the City of Boston dated August 3, 1936.

A report by *Carr,* J., who found for the plaintiff in the sum of $150, was ordered dismissed by the Appellate Division. The defendant appealed.

*R. W. Cornell,* for the defendant.

No argument nor brief for the plaintiff.

LUMMUS, J. The father of Dominic Barbate, a minor, seeks in this action, begun on August 3, 1936, to recover consequential damages, consisting of expenses in the treatment and cure of Dominic Barbate, caused to the plaintiff by the alleged negligent act of the defendant in striking Dominic Barbate with an automobile on a public highway in Revere on August 23, 1931. The only question is whether the action is barred because not brought within one year after the cause of action accrued.

The cause of action accrued when Dominic Barbate was hurt on August 23, 1931. *Bartlett* v. *Hall*, 288 Mass. 532, 533. In that case it was held that such consequential damages arising out of bodily injury to another (compare *Ford* v. *Rogovin*, 289 Mass. 549, 550), were not "bodily injuries" within the compulsory motor vehicle liability insurance act, G. L. c. 90, § 34A (St. 1928, c. 381, § 4), and that actions to recover such consequential damages were not "actions of tort for bodily injuries . . . the payment of judgments in which is required to be secured by chapter ninety" of the General Laws, within the provision requiring action to be commenced within one year contained in G. L. c. 260, § 4 (St. 1925, c. 346, § 10; G. L. [Ter. Ed.] c. 260, § 4). It was accordingly held that action for such consequential damages might be commenced within six years after the cause of action accrued, under G. L. (Ter. Ed.) c. 260, § 2, Second.

Since the statutes discussed in that case, there has been added to the single class of cases of "bodily injuries" then within the protection of the compulsory motor vehicle liability insurance act, a new class consisting of "consequential damages consisting of expenses incurred by a husband, wife, parent or guardian for medical, nursing, hospital or surgical services in connection with or on account of such bodily injuries." St. 1930, c. 340, § 1. St. 1935, c. 459, § 2. But there has been no comparable change in G. L. c. 260, § 4, which still restricts the limitation of one year to "actions of tort for bodily injuries . . . the payment of judgments in which is required to be secured by chapter ninety" of the General Laws. St. 1933, c. 318, § 5. St. 1934, c. 291, § 4. St. 1937, c. 385, § 9. It is still not every action, the payment of the judgment in which is required to be secured under chapter ninety, to which the limitation of one year applies, but only such as may be "for bodily injuries."

Nothing in the history of legislation enlarges the original meaning of "bodily injuries" in the one-year statute of limitation so as to include such consequential damages. On the contrary, the action of the Legislature in adding

to the compulsory motor vehicle liability insurance act a second class of damages consisting of such consequential damages, was a recognition of the fact that such consequential damages are not "bodily injuries" within either of the statutes under discussion. The amendment of G. L. c. 90, § 34A, did not affect the language or the construction of G. L. c. 260, § 4. So far as one sentence of the opinion in *Bartlett* v. *Hall,* 288 Mass. 532, 534, near the bottom of the page, intimates the contrary, we do not follow it. The judge and the Appellate Division were right in holding that the present action was not barred by the statute of limitations.

*Order dismissing report affirmed.*