Peck, J.
The surgical operation upon the plaintiff’s wife by defendant was performed on December 9, 1955, and the petition instituting this action was filed on October 17, 1958. Other issues not required to be here considered were disposed of by the Court of Appeals, and the sole ground of that court’s affirmance of the sustaining of defendant’s demurrer by the trial court was that the cause was barred by the statute of limitations. The parties agree that thereupon lies the only issue for review by this court, and the defendant states the problem as follows: “The basic question before the court is whether a husband’s action for loss of services and consortium of his wife, allegedly physically and permanently injured by the malpractice of a surgeon, is controlled by the four-year statute of limitations established by Section 2305.09 (D), R. C., or does it fall within the one-year limitation established by Section 2305.11, R. C.”
Section 2305.11, Revised Code, provides that “an action for * * * malpractice * * * shall be brought within one year after the cause thereof accrued.” If the present cause does not fail within the purview of this section, the parties concede that the only other statute-of-limitations provision with application is the catchall clause of Section 2305.09 (D), Revised Code, prescribing a four-year period for the commencement of certain actions not otherwise limited.
It is interesting to note phrases used interchangeably by the defendant and apparently regarded as synonymous. He argues that the cause of action “grows out of” an alleged malpractice, then states that we must decide whether the cause “is founded on” malpractice. We incline to feel that, although plaintiff’s claim may be loosely said to have grown out of the alleged malpractice, whether it is “founded on” such tortious action for purposes of the statute of limitations is an entirely different question. The statute itself describes the limited action as one “for” malpractice, and thus is presented the narrow question for present decision.
The exhaustive briefs of the parties present all the cases, bearing on the basic as well as analogous situations, decided by not only this court but also by various Ohio Courts of Appeals and one Common Pleas Court. Helpful reference is also made *235 to text, material and opinions of courts of other jurisdictions. In this review of authority, one case has by both parties been particularly singled out for consideration. It is Kraut v. Cleveland Ry. Co., 132 Ohio St., 125, 5 N. E. (2d), 324, 108 A. L. R., 521.
In the Kraut case, the wife of. the plaintiff was a passenger on the defendant’s streetcar and suffered injuries proximately caused by its alleged negligence in its operation of the car. There, as here, the suit was for loss of services and for medical expenses resulting from the wife’s injuries, and the issue presented was whether the action was limited by the two-year statute for “bodily injury” (now Section 2305.10, Eevised Code) or the four-year statute (now Section 2305.09, Eevised Code), both of which are here under consideration. The court held the statute providing the shorter period to be without application, saying:
“Upon principle it would seem that the husband’s action is for the financial loss he has suffered from the alleged wrong committed by the defendant and not for bodily injury. The husband suffered no injury of that kind himself. The bodily injury contemplated in the statute is that sustained to the person of the plaintiff that brings the action.
“This court reaches the conclusion that the husband’s action was not barred by the two-year statute of limitations but is controlled by the four-year statute of limitations as provided by Section 11224, General Code [Section 2305.09, Eevised Code], and comes within the fourth paragraph of that section which reads as follows: ‘For an injury to the rights of the plaintiff not arising on contract nor hereinafter enumerated.’ ”
Subsequent to the announcement of the Kraut decision, the Court of Appeals for Franklin County had before it a fact situation even more directly analogous to the one in the present case in that there, as here, the tortious act complained of was alleged malpractice. In that case (Cramer v. Price, 84 Ohio App., 255, 82 N. E. [2d], 874), the court held the husband’s action to recover damages, including those such as here sought, to be an action for malpractice and held the one-year statute of limitations applicable. The defendant here argues strongly that the Cramer case is authority for affirming the judgment of *236 the Court of Appeals and attempts to distinguish the present case from the Kraut case. Such a distinction was also attempted by the court in the Cramer case, leading the Court of Appeals in the case now under consideration to observe: “It is to be noted that the Kraut case was considered by the court in the Cramer case and was distinguished. In some respects it is difficult to reconcile the two pronouncements but we feel that we should follow the Cramer case which is specific, in point and not reversed and leave the reconciliation of the two cases, if any, to the court that decided the Kraut case if the parties so desire.” Without attempting a reconciliation of those two cases, we point out that the Cramer case was not appealed to this court, with the result that this court did not have an opportunity to pass on the question here presented, i. e., whether the pronouncement made in the Kraut case applies to an action by a husband against a physician and surgeon to recover damages for malpractice in the treatment of the wife. Thus, it can only be concluded that the two cases are simply diametrically opposed to each other.
This leads us to a consideration of the second alternative urged by the defendant, who frankly argues that the rule established in the Kraut case is “bad law.” In support of this contention, the defendant argues that it is “completely illogical” to permit a third party, suffering only consequential injuries, twice as long a period within which to commence his action as is assigned to him who actually suffers bodily harm and perhaps permanent injury. In support of his position in this regard, defendant cites a number of persuasive eases, including the following: Basler v. Sacramento Electric Gas & Ry. Co., 166 Cal., 33, 134 P., 993; Sharkey v. Skilton, 83 Conn., 503, 77 A., 950; Mulvey v. City of Boston, 197 Mass., 178, 83 N. E., 402; Rex v. Hutner, 26 N. J., 489, 140 A. (2d), 753; and Maxon v. Delaware, Lackawanna & Western Rd. Co., 112 N. Y., 559, 20 N. E., 544. Interesting as those cases are, it can only be said that they represent the law of courts of last resort of other jurisdictions.
Reference having been made to the Cramer case and to authorities from other jurisdictions which support the defendant’s position, it should be mentioned that at least one Ohio *237 Court of Appeals decision and a number of cases in other states incline to the result in the Kraut case. In Cincinnati Street Ry. Co. v. Whitehead, 39 Ohio App., 51, 176 N. E., 583, the court pointed out the distinction between direct and consequential injuries, and in Tutrow v. Mode, 28 O. L. R., 638, a Common Pleas Court reached a similar conclusion. Attention is also directed to Thompson v. Town of Fort Branch, 204 Ind., 152, 178 N. E., 440, 82 A. L. R., 1413; Graf v. City Transit Co., Inc., 220 Ind., 249, 41 N. E. (2d), 941; Roth v. Lundin, 237 Ill. App., 456; and Cliff v. Seligman & Latz, 38 F. (2d), 179.
Returning from those expressions of divergent views to the only expression of this court on the subject, we find in the Kraut case a clear exposition of the principle that a husband’s action for financial loss suffered by reason of a tortious act committed against his wife is separate from any claim she may possess by reason thereof, and in that decision we have a pronouncement of the law which - has remained unmodified by legislative action for nearly a quarter of a century. The essence of that decision is a detennination of legislative intent, and were that determination not in accord with the rule sought to be promulgated by the General Assembly it has had abundant opportunity to make a change. No such change having been made, it is safe to conclude that the determination was accurate, and sufficient reason therein exists for our declining to judicially disturb the Kraut result.
We are not, however, content to base our present conclusion solely upon this evidence of the Legislature’s satisfaction with this court’s determination of its intent, because, even had a far lesser period of time intervened between that decision and this one, we would nonetheless conclude that the former accurately construed the statutes. Here, whether or not plaintiff’s claim “grew out” of defendant’s malpractice, we conclude that by no stretch of the imagination can plaintiff’s cause of action be “for malpractice.” It is our conclusion that the right of action of a husband against a physician for damages for medical expenses, loss of consortium and loss of services of his. wife injured by the malpractice of the physician is not one for malpractice, and such action need not be commenced within the period prescribed by Section 2305.11, Revised Code. Rather, *238 a husband’s action for consequential damages occasioned by malpractice upon his wife is for an injury to his rights not arising on contract or enumerated in the Revised Code sections set forth in paragraph (D), Section 2305.09, Revised Code, and must be commenced within the four-year period prescribed by such section.
In the recent case of Klema, Admx., v. St. Elizabeth’s Hospital of Youngstown, 170 Ohio St., 519, this court held that, where the alleged negligent act of a hospital results in death, the two-year wrongful-death limitation, rather than the limitation of the statute applicable to decedent’s action, had he survived, applies. In Judge Bell’s opinion, concurred in by all participating members of the court, a separate cause of action for the wrongful death was found to exist in the personal representative, distinct from any cause of action the decedent might have had. Similarly, the present plaintiff’s cause of action for loss of consortium and other damages is distinct from his wife’s right to maintain an action for malpractice.
As is apparent from the foregoing, it is the opinion of this court that the present action was commenced within the period allowable after the accrual of plaintiff’s cause of action, and that the demurrer to the petition should not have been sustained on the ground of the one-year statute of limitations.
Accordingly, the judgment of the Court of Appeals is reversed, and the cause is remanded to the Court of Common Pleas for further proceedings.

Judgment reversed.

Weygandt, C. J., Matthias and Bell, JJ., concur.
Zimmerman, Taet and Herbert, JJ., dissent.