Herbert, J.,
dissenting. The statement of the case correctly recites plaintiff’s allegation that his wife suffered permanent injuries “as a direct and proximate result of the negligence and carelessness of the defendant.” The cause is here on appeal from the judgment of the Court of Appeals affirming the decision of the trial court sustaining a demurrer to the petition. Examination of the petition discloses three causes of action, the first one alleging breach by defendant of a contract between him.and plaintiff’s wife. Obviously, there can be no cause of *240 action in plaintiff resulting from such breach unless plaintiff claims as third party beneficiary, which of course is not claimed here. The second cause of action alleges that defendant “assaulted plaintiff’s wife” and states that “plaintiff further says that- by reason of the unauthorized assault upon his wife by said defendant in the performance of a cervical cordotomy upon her contrary to her expressed instructions to him, she was severely and permanently injured, and this plaintiff was proximately damaged as he more fully describes hereinafter.” In the opinion of the writer this second cause of action is obviously demurrable. Plaintiff’s third cause of action alleges “carelessness and negligence of the defendant” in the performance of the surgical operation upon plaintiff’s wife by defendant. This should be the only cause of action to be considered by the trial court on remand under the decision by the majority herein.
Both paragraphs of the syllabus in this case recognize that the alleged “negligence and carelessness of the defendant” constituted malpractice which is specifically covered by Section 2305.11 and, therefore, in the view of the writer, exempted from the catchall clause of Section 2305.09 (D), Revised Code. It is noted that Sections 2125.01 and 2125.02, Revised Code, providing for actions for wrongful death are not included in the “enumerated” sections in Section 2305.09 (D) which accounts for the rationale of our decision in the recent case of Klema, Admx., v. St. Elizabeth’s Hospital of Youngstown, 170 Ohio St., 519. Wrongful death is a statutory cause of action separate from personal injury, malpractice or any other.
Going then to the case of Kraut v. Cleveland Ry. Co., 132 Ohio St., 125, 5 N. E. (2d), 324, 108 A. L. R., 521, the first paragraph of the syllabus in that case determined that a husband’s action for injuries to his wife is not barred as res judicata by virtue of an adverse judgment in the wife’s action. The second paragraph of the syllabus in that case is the one which the majority here seek to follow. In that part of the opinion in the Kraut case discussing the point settled in the first paragraph of the syllabus, Williams, J., stated:
“It often happens that when a tort has been committed several persons are injured by one negligent act. One may take as an illustration the wrecking of a bus through the negligence of *241 the operator, which results in injury to several passengers. There is but one wrong committed and that is the tortious act of the driver; yet several actions may be brought as a result thereof. Each passenger injured has a separate right of action for the personal injury he sustains, and each right of action may be asserted in a separate suit; but all the causes of action are founded on the same wrong. So it is as to the two actions with which the court is concerned in the instant case. There was but one wrong but from it sprang two separate and distinct rights of action, one in the husband and the other in the wife.”
Following the reasoning which this court there advanced for its decision that an adjudication in one case could not properly be res judicata in the other (in which I fully concur), I fail to see the logic of the second paragraph of the Kraut syllabus.
Certainly the damages sustained by the plaintiff here in the way of medical and hospital costs incurred by him as well as loss of services and loss of consortium directly resulted from the alleged malpractice. His suit must fall in its entirety if he does not upon trial prove malpractice. Therefore, it seems particularly illogical to me to allow him three more years than his wife to bring an action founded upon the same “tortious act.” Ironically enough, if their positions were reversed the wife would not even have a cause of action for loss of consortium against the defendant here. See Smith v. Nicholas Bldg. Co., 93 Ohio St., 101, 112 N. E., 204, L. R. A. 1916E, 700. Furthermore, a tort-feasor should have procedural rights equal to those who claim to have been injured by his tortious act, and the statute of limitations should be applied uniformly. Here, in the language of Section 2305.09 (D), the “injury to the rights of the plaintiff” can be nothing else but the alleged malpractice which is ‘ ‘ enumerated in Sections 2305.10 to 2305.12, inclusive. ’ ’ I would overrule paragraph two of the syllabus in the Kraut case and affirm the judgment of the Court of Appeals here.