{¶ 26} In this appeal from an order of Judge Nancy A. Fuerst I concur in part with the majority affirming the grant of summary judgment on Breno's negligent infliction of emotional distress claim. However, I respectfully dissent on the majority's decision to affirm the grant of summary judgment on Breno's claim for intentional infliction of emotional distress and Mrs. Breno's claim for loss of consortium because it is not supported by the record.
 I. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS. {¶ 27} The Ohio Supreme Court has consistently held that a cause of action for "negligent infliction of emotional distress" is only properly supported by factual allegations that, as a result of personally viewing another being physically harmed through the negligent acts of the tortfeasor, or in fearing injury to one's self as a result, the claimant had suffered serious emotional distress.[3] Because Hausler's claimed negligence did not allegedly result in Breno physically observing immediate physical injury to another, this cause of action is facially flawed, and it would have been appropriate to dismiss it on this rationale alone.
 II. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS. {¶ 28} In the complaint, Breno alleged that "James Hausler intentionally or recklessly acted in an extreme manner by providing false information to the City of Mentor Police Department,"[4] causing him serious psychic and physically manifesting injuries. Although the statute of limitations for a claim sounding in libel or slander is one year,[5]
the statute of limitations for a claim of intentional infliction of emotional distress is four years.[6]
 {¶ 29} As the Ohio Supreme Court stated in Doe v. First UnitedMethodist Church,[7]
 "To determine which of these two statutes applies to appellant's claimsagainst [the defendant], it is necessary to determine the true nature orsubject matter of the acts giving rise to the complaint. * * * `[I]ndetermining which limitation period will apply, courts must look to theactual nature or subject matter of the case, rather than to the form inwhich the action is pleaded. The grounds for bringing the action are thedeterminative factors, the form is immaterial.'"[8]
 {¶ 30} In attempting to define when an otherwise actionable claim in tort may rise to the level of intentional infliction of emotional distress, this court has remarked,
"[W]e recognize that certain claims, although susceptible to aconventional cause of acton (sic) in tort, can be based upon facts soextreme in character that they not only establish the conventional tort,but constitute intentional conduct which is "extreme and outrageous" aswell. A battery, for example, which amounts to a form of torture, or aparticularly diabolical false imprisonment, might establish a cause ofaction which overlaps the conventional tort and intentional infliction ofemotional distress. In such cases, a claimant should be permitted thefull four-year limitation period applicable to actions for intentionalinfliction of emotional distress.
 The problem, therefore, lies in establishing when a conventionallyrecognized intentional tort is susceptible as well to a claim forintentional infliction of emotional distress, for purposes of using thelonger limitations period. Respecting this, we hold that in order forthe "overlap" to exist, there must be something so extraordinary,intolerable, or extreme in degree about a particular set of factsconstituting a conventional tort, that compared with a set of factsconstituting ordinary prima facie liability for that tort, its commissionis "extreme and outrageous." This test, we believe, complies with thestandard of conduct prescribed in Yeager,[9] yet does not precludedeserving claimants from the benefit of the longer limitation periodsimply because the "extreme and outrageous" conduct causing emotionaldistress fits the mold of a conventional tort."[10]
 {¶ 31} Defamation is a false publication that injures a person's reputation, exposes him to public hatred, contempt, ridicule, shame or disgrace; or affects him adversely in his trade or business.[11] The essential elements of a defamation action are a false statement, that the false statement was defamatory, that the false defamatory statement was published, the plaintiff was injured and the defendant acted with the required degree of fault.[12] In contrast, in defining the contours of a claim for intentional infliction of emotional distress, the Ohio Supreme Court observed, "[o]ne who by extreme and outrageous conduct intentionally or recklessly causes serious emotional distress to another is subject to liability for such emotional distress."[13] This cause of action represents an independent tort.[14]
 {¶ 32} The elements of an action rooted in the intentional infliction of emotional distress are:
"(1) the defendant either intended, or should have anticipated, theemotional distress caused by his or her actions;
 "(2) the conduct was `so outrageous in character, and so extreme indegree' that it transgressed all societal bounds of decency and should beregarded as `atrocious,' and `utterly intolerable';
 "(3) the conduct proximately caused the psychic injury; and
 "(4) the emotional distress was `serious,' meaning that a reasonableperson would be unable to adequately cope with it."[15]
 {¶ 33} In the instant case, Breno pleaded a valid cause of action for intentional infliction of emotional distress: he alleged that Hausler intentionally or recklessly made an allegation he had engaged in activities involving child pornography which were false, and that his resulting emotional distress was more serious than a reasonable man could be expected to endure. I cannot agree with the majority that Hausler's motion for summary judgment, which simply characterized Breno's various claims and allegations as a single claim of defamation and never addressed or challenged a lack of material fact as to any of these elements, should have been granted on this claim. Indeed, there has beenno evidence of any kind whatsoever introduced into the record of this case.[16]
 {¶ 34} There is no evidence of exactly what Hausler saw and perceived to be child pornography or how he reported the incident; whether any pornography or child pornography was, in fact, present; whether Hausler intended or should have anticipated that his actions would cause Breno emotional distress; or, whether Breno suffered serious, extreme emotional distress as a result of the allegedly wrongful actions.
 {¶ 35} While the majority describes this case as a simple one of defamation, a false accusation of involvement with child pornography may well be one of the more extreme and outrageous forms of the underlying tort, based on the largely unknown facts of the case, and the profound stigma or harm that either a true or false publicized statement may cause. Hausler, in my view, introduced no evidence to present the facts of the case or an absence of an issue of material fact that would prove fatal to Breno's claim. Under the reasoning of the majority, facts constituting a defamation claim, or any other cause of action with a statute of limitations of less than four years, can never provide the basis for an intentional infliction of emotional distress claim. I do not believe that is an accurate statement of law.
 {¶ 36} Additionally, summary judgment is being upheld in this case based on the representations of Hausler's counsel, with zero evidentiary support. While evidentiary support, upon remand, might ultimately result in a proper grant of summary judgment, the majority has not held Hausler to his burden of establishing an absence of an issue of material fact under Civ.R. 56. Upon summary judgment, a movant has the duty to supply a judge with affirmative representations of an absence of issues of material fact about the plaintiff's inability to meet the elements of his claim which, up to this point I submit, Hausler has not. With such a silent record there could be no basis for granting summary judgment on Breno's claim for intentional infliction of emotional distress.
 III. LOSS OF CONSORTIUM. {¶ 37} Breno and his wife each claim loss of consortium for the emotional distress sustained by Breno, and correctly assert that such claims are governed by the four-year statute of limitations under R.C.2305.09.[17] Although Mrs. Breno has timely asserted such a claim, I see no allegations in the complaint, or legal authority for the proposition, that Breno may potentially recover because he has suffered the loss of his wife's consortium because of Hausler's purported torts against him.
 {¶ 38} As the majority notes, a loss of consortium claim is "derivative in that the claim is dependent upon the defendant's having committed a legally cognizable tort upon the spouse who suffered bodily injury."[18] A consortium claim, however, is a separate and independent property right reflecting the loss of a spouse's society and conjugal affection and may not be defeated by a valid technical, non-merit-related defense to the spouse's underlying claim against a tortfeasor.[19] In his complaint, Breno claims to have sustained physical and psychic injuries caused by Hausler's actions or omissions, and from the record there is nothing to disprove bodily injury to him, or to disprove Mrs. Breno's claim for damages based on a loss of consortium those damages have caused her.[20]
 {¶ 39} Even though a defendant may use a statute of limitations defense to bar a plaintiff's recovery in tort, such a defense does not bar a spouse's potential loss of consortium claim if the underlying tort is otherwise supported by sufficient evidence.[21] Accordingly, even though Breno's defamation claim is barred by a statute of limitations, if the elements of this claim can be proven, and Mrs. Breno can establish her entitlement to legitimate damages based upon the fact that her husband has been defamed, she should be entitled to compensation. Since I find it inappropriate, based on the record, or, more properly, the complete absence of it, to grant summary judgment on the intentional infliction of emotional distress claim, I would obviously hold that a loss of consortium claim, at this point, is not precluded, based on that cause of action as well. There is no evidence in the record to refute any of the Brenos' claims and, in my view, no argument has been advanced to bar them as a matter of law. Summary judgment, therefore, was not appropriate on Mrs. Breno's claim for loss of consortium arising out of her husband's claims for either intentional infliction of emotional distress or defamation.
 {¶ 40} I would reverse the grant of summary judgment on Breno's claim of intentional infliction of emotional distress and Mrs. Breno's claim of loss of consortium, and remand.
[3] Gearing v. Nationwide Ins. Co., 76 Ohio St.3d 34, 1996-Ohio-113,Lawyer's Coop. Publishing Co. v. Muething (1992), 65 Ohio St.3d 273, 280, High v. Howard (1992), 64 Ohio St.3d 82, 85-86, overruled on other grounds in Gallimore v. Children's Hosp. Med. Ctr. (1993),67 Ohio St.3d 244, Paugh v. Hanks (1983), 6 Ohio St.3d 72.
[4] Complaint, Paragraph 31.
[5] R.C. 2305.11(A).
[6] Yeager v. Local Union 20, Teamsters, Chauffers, Warehousemen andHelpers of America (1983), 6 Ohio St.3d 369, 375, applying R.C.2305.09(D).
[7] 68 Ohio St.3d 531, 1994-Ohio-531.
[8] Id. at 536, internal citation omitted.
[9] Yeager v. Local Union 20, Teamsters, Chauffers, Warehousemen andHelpers of America, supra.
[10] Presti v. Ahrens (Nov. 17, 1988), Cuyahoga App. No. 54620, citingPournaras v. Pournaras (Dec. 19, 1985), Cuyahoga App. No. 49936, 49937.
[11] Matalka v. Lagemann (1985), 21 Ohio App.3d 134, 136,486 N.E.2d 1220.
[12] Celebrezze v. Dayton Newspapers, Inc. (1988), 41 Ohio App.3d 343,346, 535 N.E.2d 755.
[13] Russ v. TRW, Inc. (1991), 59 Ohio St.3d 42, 47.
[14] Id.
[15] Restatement of the Law 2d, Torts (1965) 73, Section 46, Comment d;Yeager, supra, 6 Ohio St.3d at 375.
[16] Hausler referred to deposition testimony and "Voluntary Disclosures" that are not part of the record in the motion for summary judgment, as did the Brenos' brief in opposition. Any discovery or pleadings in the district court case are not part of this record.
[17] Bowen v. KilKare, Inc. (1992), 63 Ohio St.3d 84, Childers v.Antoniak (Nov. 2, 2000), Cuyahoga App. No. 77815, citing Kraut v.Cleveland Ry. Co. (1936), 132 Ohio St. 125.
[18] Id, at 93.
[19] Id., which held that a wife's claim for loss of consortium was not barred by the fact that the husband had signed a waiver of entitlement to damages on the underlying tort.
[20] Complaint, Paragraph 31.
[21] Dean v. Angelas (1970), 24 Ohio St.2d 99.