AMER, APPELLANT, *v.* AKRON CITY HOSPITAL ET. AL., APPELLEES.

[Cite as Amer v. Akron City Hospital (1976), 47 Ohio St. 2d 85.]

(No. 75-1063—Decided July 14, 1976.)

*Davis & Handelman Co., L. P. A., and Mr. D'Arnold Davis,* for appellant.

Messrs. *Roetzel & Andress* and Mr. *John M. Ulman,* for appellees.

STEPHENSON, J. Although a number of issues were presented to the courts below by appellant, asserting that his cause of action accrued at a date subsequent to March 1, 1963; all such issues were resolved against him. For the purpose of disposition of the narrow issue this appeal presents, we accept as correct, without deciding the same, the conclusion of the courts below that appellant's cause of action accrued on March 1, 1963, within the meaning of the time limitation in R. C. 2305.09(D).

The restricted allowance of the motion to certify in this case was for the purpose of permitting this court to consider appellant's argument that this court should now judicially recognize an exception to the time limitation in

R. C. 2305.09 (D), where, as here, the cause of action is for consequential damages arising from, or having its origin in, alleged acts of malpractice to a plaintiff's spouse.[1]

The exception appellant urges we adopt is the physician-patient termination exception to R. C. 2305.11, as set forth in *Wyler* v. *Tripi* (1971), 25 Ohio St. 2d 164, so that a spouse's cause of action for consequential injuries does not accrue under R. C. 2305.09 (D), or if the action accrues, that the time limitation is tolled, until the physician-patient relationship of the spouse directly injured by acts of malpractice is terminated.[2]

Proper disposition of this appeal requires recognition at the outset that although appellant's cause of action had its origin in, and grew out of, asserted acts of malpractice, his action is not one for malpractice. That issue was presented to this court in *Corpman* v. *Boyer* (1960), 171 Ohio St. 233, and was resolved by holding in the syllabus the following:

"1. The right of action of a husband for damages for medical expenses, loss of consortium and loss of services of his wife injured by the malpractice of a physician is not one

---

[1] Although it is inconsequential, under the factual pattern of this case, whether the time limitation in R. C. 2305.11 or 2305.10 applied to the Akron City Hospital, it is to be noted that this court has not judicially determined whether a hospital, liable under the doctrine of *respondeat superior* by reason of acts of a physician-employee, has the benefit of the one-year limitation in R. C. 2305.11, as does the physician-employee. *Richardson* v. *Doe* (1964), 176 Ohio St. 370, decided only that the liability of a hospital based upon *respondeat superior* as to acts of a nurse-employee is subject to R. C. 2305.10, the two-year limitation pertaining to bodily injury. In *Lundberg* v. *Bay View Hospital* (1963), 175 Ohio St. 133, although the lower courts gave the hospital the benefit of R. C. 2305.11, this court specifically left open such question. However, in Am. Sub. H. B. No. 682, effective July 28, 1975, wherein substantial amendment was made to R. C. 2305.11, malpractice actions against hospitals are expressly included within such section.

[2] Although not incorporated into the proposition of law here considered, appellant urges also in his brief the adoption of the discovery exception set forth in *Melnyk* v. *Cleveland Clinic* (1972), 32 Ohio St. 2d 198. Inasmuch as certification was restricted only as to the sole issue embodied in the proposition of law herein set forth, such claim is not further considered.

88

for malpractice, and an action based thereon need not be commenced within the period prescribed by Section 2305.11, Revised Code.

"2. A husband's action for consequential damages occasioned by malpractice of a physician upon his wife is for an injury to his rights not arising on contract or enumerated in the Revised Code sections set forth in paragraph (D), Section 2305.09, Revised Code, and must be commenced within the period prescribed thereby."

The holding in *Corpman* was based upon the earlier decision of this court in *Kraut v. Cleveland Ry. Co.* (1936), 132 Ohio St. 125, wherein it was held, in a non-malpractice tort case, that an action for consequential damages by a husband against a tortfeasor for injury to a spouse was not one for "bodily injury" within the meaning of the two-year limitation now embodied in R. C. 2305.10, but was within the four-year limitation now embodied in R. C. 2305.09(D).

The conclusion that appellant's action is not one of malpractice, but is simply a common law tort, is critical to appellant's proposition of law when consideration is given to the rationale upon which the physician-patient termination exception in malpractice actions rests.

In *Wyler v. Tripi, supra* (25 Ohio St. 2d 164), the syllabus provides: "Under R. C. 2305.11, a cause of action for medical malpractice accrues, at the latest, when the physician-patient relationship finally terminates. (*Gillette v. Tucker*, 67 Ohio St. 106; *Bowers v. Santee*, 99 Ohio St. 361; and *DeLong v. Campbell*, 157 Ohio St. 22, followed.)" It was in *Gillette v. Tucker* that the termination rule was first formulated. What we view, in substance, as central to all the above-cited decisions, either expressly or by implication, is recognition therein that the physician-patient relationship is contractual in character, either express or implied, and the obligation thereby imposed upon physicians is to utilize the requisite degree of care, not only in initial medical procedures in treating a patient, but to continue to utilize such requisite degree of care thereafter as the case may require during the continuance of the physician-patient relationship. It is because of such continuing duty

after initial treatment, which, if breached, constitutes continuing negligence, that justifies allowing the time limitation in R. C. 2305.11 to commence, at the latest, from the termination of the physician-patient relationship. *Wyler* v. *Tripi, supra.*

The difficulty appellant faces, in asserting the adoption of the termination exception to a cause of action for consequential damages, is that, not being a party to the contract between his spouse and her physician, as to him no contractual duty of continuing care is imposed upon the physician which is the base upon which the termination rule is structured. We deem it not unimportant that in the 40 years that have elapsed since *Kraut* v. *Cleveland Ry. Co. supra* (132 Ohio St. 125), followed by *Corpman* v. *Boyer, supra* (171 Ohio St. 233), and *Dean* v. *Angelas* (1970), 24 Ohio St. 2d 99, where, by these holdings, actions for consequential damages are limited by R. C. 2305.09(D), the General Assembly has not seen fit to alter these holdings.

Conceiveably, it may be that the General Assembly has considered the incongruity, that appellant here asserts exists, as to the time when an action for malpractice must be commenced as opposed to the time when a cause of action for consequential damages by a spouse, arising from the same facts, must be commenced, and resolved such incongruity, not by creating exceptions which would increase the time limitation for the spouse's suit, but by decreasing the time within which the malpractice action must be instituted.

Whether intentionally, or coincidentally to the four-year limitation in R. C. 2305.09(D), Am. Sub. H. B. No. 682,[3] effective July 28, 1975, enacted a new section designat-

---

[3]Insofar as here pertinent, the full text of Am. H. B. No. 682 provided:

"Sec. 2305.11. (A) An action for libel, slander, assault, battery, malicious prosecution, false imprisonment, or malpractice, including an action for malpractice against a physician or a hospital, or upon a statute for a penalty or forfeiture, shall be brought within one year after the cause thereof accrued, provided that an action by an employee for the payment of unpaid minimum wages, unpaid overtime compen-

ed (B) in R. C. 2305.11, which provides: "In no event shall any medical claim against a physician or a hospital be brought more than four years after the act or omission constituting the alleged malpractice occurred. The limitations in this section for filing such a malpractice action against a physician or hospital apply to all persons regardless of legal disability and notwithstanding Section 2305.16 of the, Revised Code, provided that a minor who has not attained his tenth birthday shall have until his fourteenth birthday

sation, or liquidated damages by reason of the nonpayment of minimum wages or overtime compensation, shall be brought within two years after the cause thereof accrued.

"If a written notice, prior to the expiration of time contained in this division, is given to any person in a medical malpractice case that an individual is presently considering bringing an action against that person relating to professional services provided to that individual, then an action by that individual against that person may be commenced at any time within one hundred eighty days after that notice is given.

"(B) In no event shall any medical claim against a physician or a hospital be brought more than four years after the act or omission constituting the alleged malpractice occurred. The limitations in this section for filing such a malpractice action against a physician or hospital apply to all persons regardless of legal disability and notwithstanding Section 2305.16 of the Revised Code, provided that a minor who has not attained his tenth birthday shall have until his fourteenth birthday in which to file an action for malpractice against a physician or hospital.

"(C) A civil action for nonconsensual abortion pursuant to Section 2919.12 of the Revised Code must be commenced within one year after the abortion.

"(D) As used in this section:

"(1) 'Hospital' includes any person, corporation, association, board, or authority responsible for the operation of any hospital licensed or registered in the state, including without limitation those which are owned or operated by the state, political subdivisions, any person, corporation, or any combination thereof. It does not include any hospital operated by the government of the United States or any branch thereof.

"(2) 'Physician' means all persons who are licensed to practice medicine and surgery or osteopathic medicine and surgery by the state medical board.

"(3) 'Medical claim' means any claim asserted in any civil action against a physician or hospital arising out of the diagnosis, care, or treatment of any person."

in which to file an action for malpractice against a physician or hospital." Whether the amendatory legislation was prompted in part by the holdings of this court with respect to time limitations for bringing actions for consequential damages having their origin in asserted malpractice, such legislation nevertheless represents a recent reappraisal by the General Assembly of the policy of this state as to time limitations for commencing malpractice actions.*

The absence of any provision in such legislation creating exceptions which extend or otherwise alter the holdings of this court that actions for consequential damages for injury to a spouse must be commenced within the time limitation set forth in R. C. 2305.09 (D), is persuasive that such holdings are in accord with the intention of the General Assembly in such regard.

In light of this conclusion, coupled with the non-applicability of the legal theory upon which the termination rule is based in mapractice actions, we are persuaded the exception appellant urges should not be adopted by this court. It follows, therefore, that the judgment of the Court of Appeals, insofar as it overruled the assignment of error upon which appellant's proposition of law is here based, is affirmed.

*Judgment affirmed.*

CORRIGAN, W. BROWN and P. BROWN, JJ., concur.
HERBERT and CELEBREZZE, JJ., dissent.
O'NEILL, C. J., not participating.

STEPHENSON, J., of the Fourth Appellate District, sitting for STERN, J.

HERBERT, J., dissenting. In my judgment, the statute of limitations governing this appellant's cause of action commenced running when the physician-patient relationship between his wife and her physician terminated. The judgment appealed from should be reversed.

*It is assumed the creation of such limitations is still the prerogative of the General Assembly. See fn. 3, *Melnyk* v. *Cleveland Clinic*, *supra* (32 Ohio St. 2d 198.)

92

CELEBREZZE, J., dissenting. This court construed R. C. 2305.11, the statute of limitations in medical malpractice cases, in *Wyler* v. *Tripi* (1971), 25 Ohio St. 2d 164, to commence running, at the latest, when the physician-patient relationship finally terminates.

This court, subsequently, in *Melnyk* v. *Cleveland Clinic* (1972), 32 Ohio St. 2d 198, distinguished its ruling in *Wyler* by stating in the syllabus:

"Where a metallic forceps and a nonabsorbent sponge are negligently left inside a patient's body during surgery, the running of the statute of limitation governing a claim therefor is tolled until the patient discovers, or by the exercise of reasonable diligence should have discovered, the negligent act."

In *Corpman* v. *Boyer* (1960), 171 Ohio St. 233, this court determined that "[t]he right of action of a husband for damages for medical expenses, loss of consortium and loss of services of his wife injured by the malpractice of a physician is not one for malpractice * * *."

The second paragraph of the syllabus in *Corpman* stated:

"A husband's action for consequential damages occasioned by malpractice of a physician upon his wife is for an injury to his rights not arising on contract or enumerated in the Revised Code sections set forth in paragraph (D), Section 2305.09, Revised Code, and must be commenced within the period prescribed thereby."

The majority concludes that the *Corpman* rationale still applies, however, with the distinction that the time limitation "is not tolled until termination of the physician-patient relationship." The majority does acknowledge, and it is undisputed, that the treatment administered to the appellant's spouse "proximately resulted in the development of radiation necrosis *and which condition manifested itself in 1972.*" (Emphasis added.)

It is rather incongruous to assert that a cause of action arising out of the same incident may accrue at one, two or three different times depending upon the terminology

applicable to the parties. The wrong from which the appellant's claim springs is the same wrong which gives rise to any malpractice action which his wife may have.

Prior to the current crises created by burgeoning medical malpractice insurance premiums, there was a maturing school of thought whose reasoning is contained in the treatise, Prosser on Torts (4 Ed.), 144, which reads:

"* * * The older approach to such cases was a literal application of the statute to bar the action, regarding it as intended to protect the defendant not only against fictitious claims, but also against the difficulty of obtaining evidence after lapse of time even when he is confronted with a genuine one; and considering the hardship upon the plaintiff as merely part of the price to be paid for such protection. The obvious and flagrant injustice of such cases has led to the adoption of a series of transparent devices to get around the rule. Thus the negligent treatment, or at least the defendant's duty, is held to continue until the relation of physician and patient has ended; or the court finds fraudulent concealment of the damage, which tolls the running of the statute; or it finds 'constructive' fraud in silence with probable knowledge; or the failure to discover and remove the sponge or other foreign object left in the plaintiff's body is held to be 'continuing' negligence. Quite recently there have been a wave of decisions meeting the issue head-on, and holding that the statute will no longer be construed as intended to run until the plaintiff has in fact discovered that he has suffered injury, or by the exercise of reasonable diligence should have discovered it. * * *"

Justice in this case cries out for a remedy. How can anyone be precluded from asserting a claim by a statute of limitations which expires before the discovery of the injury? How can anyone charged with the responsibility of administering justice allow such an absurdity?

The judgment of the lower court should be reversed.