**Daniel Allen DAVIS, et al., Plaintiffs,**

v.

**DRACKETT PRODUCTS CO., et al., Defendants.**

**No. C–1–76–60.**

United States District Court,
S. D. Ohio, W. D.

April 15, 1982.

Irving H. Rosen, Cincinnati, Ohio, for plaintiffs; Edward M. Swartz, Fredric A. Swartz, Boston, Mass., and I. Joseph Berger, Cleveland, Ohio, of counsel.

Ralph F. Mitchell, Cincinnati, Ohio, for defendants.

SPIEGEL, District Judge:

This action is before this Court on defendants' motion for partial summary judgment (doc. 51), plaintiffs' memorandum in opposition (doc. 59), and defendants' reply (doc. 60). For the reasons outlined below defendants' motion is granted, however, as set forth below, the remaining plaintiff, minor, Daniel Allen Davis is granted leave to amend his complaint.

The facts necessary to deciding this motion are relatively simple. Daniel Allen Davis, a minor, on or about November 12, 1968 came in contact with a product commonly known as Drano. Defendants produce and market said product. Plaintiff, a minor, alleges that the severe injuries incurred as a result of his contact with the Drano product are the direct and proximate result of the negligence, breaches of warranties and strict liability in tort of defendants' actions. The minor plaintiff seeks damages of $7.5 million plus interest and costs. In addition, minor plaintiff seeks $20 million in punitive and exemplary damages. The plaintiffs, Horace H. Davis, Sr. and Lois Carole Davis, are the father and mother of minor Daniel Allen Davis and are the persons responsible for his medical care and support. As a result of the injury to their minor son, parents seek $1.5 million plus interest and costs from defendants for medical care of their son and for loss of companionship and services.

Defendants have filed a motion for partial summary judgment as to the parents' claim, alleging that the Ohio statute of limitations bars recovery. This action was filed on February 11, 1976, some seven and one-half years after the alleged wrong to minor. Defendants assert that under Ohio Revised Code § 2305.09 plaintiffs Horace and Lois Davis must have filed an action within four years after the cause of action accrued. Plaintiffs, in response, assert that the statute of limitations on their claim, like the statute of limitations on their son's claim, is tolled until the minor attains majority, as their claim is joint and inseparable from their son's claim.

In addressing defendants' motion, the question this Court must decide is whether the causes of action by the parents are joint and inseparable from the minor's causes of action against defendants. This necessarily means that the issue of what state law applies must be addressed. The two states relevant to this action are New Jersey and Ohio. The place of the alleged wrong is New Jersey where plaintiffs reside and where the Davis' purchased defendants' product. The defendants are Ohio corporations existing pursuant to the laws of the state of Ohio. This action is in this Court under diversity of jurisdiction. 28 U.S.C. § 1332.

It is well settled that a district court having jurisdiction based on diversity

of the parties must apply the law of the state of the forum in which it sits. This includes that state's conflicts of law. *Klaxon v. Stentor Electric Manufacturing Company*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); *Erie v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Under conflicts of law provisions in Ohio, and by the parties' mutual pretrial agreement, the substantive law of New Jersey, the place of residence of plaintiffs, the place of purchase of defendants' products, and the place of the alleged wrong is to apply in this action. All procedure is governed by the law of the forum state. *See*, 16 O.Jur.3d "Conflicts of Laws" § 42 at 91–92 (1979).

█ Statutes of limitations provisions are generally seen as procedural; therefore, the statute of limitation of the forum state is applicable. However, when the provision creating the cause of action also specifically limits that right, the statute of limitations is seen as substantive law. The provision of New Jersey law, NJSA 2A:14–2.1 which deems the parents' claim as joint and inseparable from that of their child does not create any substantive right; nor does it make any specific reference to any New Jersey substantive law. Rather, its reference point is the two year statute of limitations provision contained in NJSA 2A:14–2. Plaintiffs do not dispute that a cause of action for the parents' consequential damages and medical expenses resulting from the alleged wrong to a minor and incurred on behalf of minor was in existence prior to the enactment of NJSA 2A:14–2.1 and that their substantive right to bring their action was not, therefore, created by NJSA 2A:14–2.1. *See Higgins v. Schneider*, 61 N.J.Super. 36, 160 A.2d 165 (App.Div.) *aff'd*, 33 N.J. 299, 164 A.2d 299 (1960).

In *Myers v. Alvey—Ferguson Company*, 331 F.2d 223 (6th Cir. 1964), the United States Court of Appeals for the Sixth Circuit refused to apply a District of Columbia state of limitations provision in a wrongful death action brought in Ohio where the statute *creating* the cause of action made no specific mention of time. The court determined that the statute of limitations

provision was a matter of procedure and, therefore, was determined under applicable Ohio law, the law of the forum. *Id.* at 226.

Having determined that the statute of limitations is procedural, and, therefore, that Ohio's statute of limitations is applicable, we must then address the parents' claim that Ohio Revised Code § 2305.16, which tolls the minor's claims until he reaches the age of majority, is applicable to the parents' claims as well. The parents claim that under New Jersey substantive law their claim is joint and inseparable from the minor's claim and that their cause of action should be tolled under Ohio Revised Code § 2305.16 which provides:

[W]hen the interests of two or more parties are joint and inseparable, the disability of one shall inure to the benefit of all.

Defendants contend that the Ohio tolling statute is procedural and that this Court must adopt Ohio's interpretation of the "joint and inseparable" provision. The defendants point is well-taken. "When a federal court adopts the state period of limitations, it will adopt, as a rule, the entire framework of the state's law, including statutory provisions relating to tolling and the like, and the judicial construction and interpretation thereof." 51 Am.Jur.2d "Limitations of Actions" § 74 at 652 (1970).

How then does Ohio law treat parents' claims for medical expenses and loss of services and companionship resulting from an injury to a minor child?

█ The general rule in a diversity case is that a federal court must apply the state law as expressed by the highest court of the state. *Clutter v. Johns Manville Sales Corp.*, 646 F.2d 1151, 1153 (6th Cir. 1981). If the highest court of the state has not spoken, however, then this Court must ascertain what the state law is and apply it. *Id.; Coleman v. Western Electric Company, Inc.*, 671 F.2d 980 at 984 (6th Cir. 1982); *West v. American Telephone and Telegraph Company*, 311 U.S. 223, 237, 61 S.Ct. 179, 183, 85 L.Ed. 139 (1940). One of the indicators that a District Court may utilize in determining what the state law is, is a state appellate court decision, unless other facts

suggest that the state supreme court would decide otherwise. *West v. AT&T, supra* at 237, 61 S.Ct. at 183; *Coleman, supra* at 984; *Clutter, supra* 646 F.2d at 1153.

The Ohio Supreme Court has, in other circumstances, held that an action for loss of services and medical expenses is separate and distinct from that of the party who suffered the personal injuries. In *Kraut v. Cleveland Railway Company*, 132 Ohio St. 125, 126, 5 N.E.2d 324 (1936), the Court addressed a claim that a husband and wife's claims were joint and inseparable. The Ohio Supreme Court held that the causes of action are not the same, and that a statute of limitations provision barring one does not necessarily bar the other. *Id.* at 130, 5 N.E.2d 324. The Ohio Supreme Court has applied this rule in two or more recent cases involving actions by one spouse for loss of consortium, loss of services, and medical expenses incurred on behalf of the other. *Amer v. Akron City Hospital*, 47 Ohio St.2d 85, 351 N.E.2d 479 (1976); *Corpman v. Boyer*, 171 Ohio St. 233, 169 N.E.2d 14 (1960). Actions by the spouse for consequential damages and for loss of consortium in both cases were held to be separate and distinct claims from a claim for medical malpractice by the other spouse. *Amer, supra* at 88, 351 N.E.2d 479; *Corpman, supra* at 237–38, 169 N.E.2d 14.

While the Supreme Court of Ohio has not directly addressed the issue of the inseparability of claims of a parent and minor child, a recent Ohio Court of Appeals decision did address that issue. In *Rembold v. Christ Hospital*, 17 Ohio Op.3d 350, 351–52 (Ohio App.1980) the court held that a parent's action for loss of services and medical expenses resulting from a medical malpractice action was not joint and inseparable from a minor's action for purposes of Ohio Revised Code § 2305.16—Ohio's tolling statute.

■ This Court sees no reason not to adopt the conclusion of the Ohio Court of Appeals as stating the law of Ohio, that a minor's claim for damages and the parents' claim for medical expenses and loss of services and companionship are separate and distinct claims for the purposes of the Ohio tolling statute. The parents, however, claim that New Jersey substantive law holds that a parent and minor's claim is joint and inseparable and this issue is a matter of substantive law; therefore, New Jersey law should be applied. This Court does not reach the same conclusion. As noted above, statutes of limitations provisions are seen as substantive only when the statute creating the right specifically limits the right within that statute. As noted above NJSA 2A:14–2.1 did not create the substantive right of the parents to sue. *See Higgins v. Schneider, supra.*

■ This Court is, however, disturbed that by granting defendants' motion for partial summary judgment plaintiffs may be precluded from recovering compensation for the medical expenses incurred on behalf of minor, Daniel Allen Davis, if defendants are subsequently held liable for the injuries sustained as a result of this unfortunate occurrence. It is within the discretionary power of this Court, under Rule 15(a) Fed. R.Civ.P., to allow a party to amend its complaint where justice so requires it. *See* 6 Wright and Miller, *Federal Practice and Procedure: Civil*, §§ 1473 *et seq.* (1973).

■ Under Ohio law a parent may waive or be estopped to assert his right to recovery for medical expenses, loss of services, etc., by reason of injury to his minor child, but the cases permit the child to recover the full amount to which both would be entitled. *Bagyi v. Miller*, 3 Ohio App.2d 371, 376, 210 N.E.2d 887 (1965); *See* 41 O.Jur.2d "Parent and Child" § 51 (1981 Supp.).

■ Therefore, plaintiffs may amend this complaint so that the minor, Daniel Allen Davis, may include in his claim for damages, recovery for medical expenses incurred by his parents on his behalf.

For the foregoing reasons defendants' motion for partial summary judgment is well-taken and is hereby granted with the noted exception.

SO ORDERED.