JOURNAL ENTRY and OPINION
This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the record from the lower court, the briefs and the oral arguments of counsel.
This case is before the court on appeal from a decision of the common pleas court to dismiss both plaintiffs' claims on the ground that they were barred by the statute of limitations. We agree with plaintiffs that the statute of limitations did not preclude the claim of the injured party's spouse for loss of consortium and consequential damages. We reverse the judgment to that extent and remand for further proceedings.
 PROCEEDINGS BELOW
The two-count complaint filed November 18, 1999 alleged that plaintiff Captola Childers was injured in an automobile collision allegedly caused by defendant's negligence on October 20, 1997. She claimed she suffered physical injury and pain, lost wages, and damage to her automobile. Her spouse, Ronnie Childers, claimed he incurred medical expenses on his wife's behalf and expected to incur further expenses in the future. He also claimed he lost the services and consortium of his wife.
Defendant moved to dismiss the complaint for failure to state a claim because, on the face of the complaint, it was not filed within the statute of limitations. Although plaintiffs had previously voluntarily dismissed another complaint, the dismissal occurred before the statute of limitations had expired, so plaintiffs were required to refile within the original limitations period and did not obtain the benefit of the one-year grace period following a voluntary dismissal provided by the savings statute, R.C. 2305.19.
Defendant argued that plaintiffs' claims were governed by the two-year limitations period for civil actions for bodily injury or injury to personal property, R.C. 2305.10. In response, plaintiffs pointed out that Mr. Childers' loss of consortium claim was governed by the four-year statute of limitations set forth in R.C. 2305.09 and, as such, was timely. Nevertheless, the court granted defendant's motion to dismiss in the following entry:
 Defendant's motion to dismiss (filed 1-6-00) is hereby granted. Pursuant to Civil Rule 12(B)(6), the plaintiff's complaint fails to state a claim upon which relief may be granted due to the fact that the complaint is barred on its face because same is barred by the statute of limitations.
 LAW AND ANALYSIS
Plaintiffs do not challenge the dismissal of Mrs. Childers' claim for personal injury and property damage. They argue only that the court erred by dismissing Mr. Childers' claim for loss of consortium and medical expenses. Defendant concedes that Mr. Childers' claim was governed by a four-year limitations period, and we agree. The Ohio Supreme Court has consistently held that a four-year statute of limitations governs a spouse's cause of action for loss of services and medical expenses growing out of a negligently-caused bodily injury to his wife (or her husband), pursuant to R.C. 2305.09(D) and its predecessor statutes. Kraut v. Cleveland Ry. Co. (1936), 132 Ohio St. 125, paragraph two of the syllabus; also see, e.g., Amer. v. Akron City Hospital (1976),47 Ohio St.2d 85, syllabus; Dean v. Angelas (1970), 24 Ohio St.2d 99; Corpman v. Boyer (1960), 171 Ohio St. 233, paragraph two of the syllabus. This claim is independent of the wife or husband's claim for personal injury; it is derivative only in the sense that the claim is dependent upon the defendant's having committed a legally cognizable tort upon the spouse who suffers bodily injury. Bowen v. Kil-Kare, Inc. (1992), 63 Ohio St.3d 84, 93. Therefore, the fact that Mrs. Childers' claim may be barred does not preclude Mr. Childers from proceeding on his loss of consortium claim.
Defendant argues the court properly dismissed Mr. Childers' claim because he did not allege he was married to Mrs. Childers at the time of the collision. The complaint states: Plaintiff Ronnie W. Childers says that he is the husband of Captola J. Childers. This allegation was adequate to provide defendant with a short and plain statement of the claim showing that the party is entitled to relief. See Civ.R. 8(A).
Mr. Childers' claim for loss of consortium and medical expenses was filed well within the four-year limitations period, so it was not barred, and the court erred by dismissing it. Therefore, we reverse the judgment in part and remand for further proceedings on the claim for loss of consortium and medical expenses.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellants recover of said appellee their costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
DIANE KARPINSKI, P.J. and JOHN T. PATTON, J. CONCUR
 ___________________________ KENNETH A. ROCCO, JUDGE