LOMBARD, APPELLANT, *v.*
GOOD SAMARITAN MEDICAL CENTER, APPELLEE.
ZAK ET AL., APPELLANTS, *v.* ST. VINCENT HOSPITAL
& MEDICAL CENTER ET AL., APPELLEES.

[Cite as Lombard v. Medical Center (1982),
69 Ohio St. 2d 471.]

(Nos. 81-686 and 81-688—Decided February 26, 1982.)

472

*Messrs. Volkema & Scherner* and *Mr. Hans Scherner,* for appellant in case No. 81-686.

*Messrs. Kincaid, Cultice, Micheli & Geyer, Mr. James C. Micheli* and *Mr. Frank J. Micheli,* for appellee in case No. 81-686.

*Mr. Joseph W. Westmeyer, Jr.,* for appellants in case No. 81-688.

*Messrs. Shumaker, Loop & Kendrick, Mr. James M. Tuschman* and *Mr. John C. Barron,* for appellees in case No. 81-688.

LOCHER, J. These cases present the same issue: whether the one-year statute of limitations in R. C. 2305.11(A) bars the appellants' actions.

R. C. 2305.11(A) provides, in pertinent part: "An action for * * * malpractice, including an action for malpractice against a physician, podiatrist, or a hospital * * * shall be brought within one year after the cause thereof accrued * * *." [1] This provision has limited applicability. "The statute of limitations contained in R. C. 2305.11(A) is limited to the areas specifically enumerated therein and to the common-law definition of 'malpractice.' " *Hocking Conservancy Dist.* v. *Dodson-Lindblom Assoc.* (1980), 62 Ohio St. 2d 195.

Likewise, the term "malpractice" has a limited definition. "Today, the term, malpractice, is sometimes used loosely to refer to the negligence of a member of any professional group. However, legally and technically, it is still subject to the limited common-law definition. It is well established that where a statute uses a word which has a definite meaning at common law, it will be presumed to be used in that sense and not in the loose popular sense. *Grogan* v. *Garrison* [1875], 27 Ohio St. 50, 63.

"If the General Assembly had wished to protect groups other than those traditionally associated with malpractice, it should have listed the ones to be covered * * * .

"There is no compelling reason for a nurse to be given the protection of a one-year statute of limitations. A nurse, although obviously skilled and well trained, is not in the same category as a physician who is required to exercise his independent judgment on matters which may mean the difference between life and death * * * ." *Richardson* v. *Doe* (1964), 176 Ohio St. 370, 372-373. Nor does the definition of malpractice encompass the conduct of laboratory technicians. Although they too are skilled and trained, the General Assembly has not singled them out for the special protection provided by the one-year statute of limitations in R. C. 2305.11(A).

Accordingly, neither of these cases presents an action in malpractice. Rather, appellants have alleged negligence against individuals whose occupations are not among those enumerated in R. C. 2305.11(A) or within the common-law

---

[1] Prior to amendments passed in 1975 and 1976, R. C. 2305.11 did not contain the language "including an action for malpractice against a physician, podiatrist, or a hospital." Otherwise, the limitation provision remained the same.

definition of "malpractice." Therefore, R. C. 2305.11(A) may not bar an action against the hospitals who are their employers.

Appellees argue, however, that (1) these cases present "medical claims"; [2] (2) the General Assembly intended that the terms "malpractice" and "medical claims" be used interchangeably; and, therefore, (3) R. C. 2305.11(A) bars all medical claims filed more than one year after the cause of action arose. We disagree.

R. C. 2305.11(B) provides, in pertinent part:

"In no event shall any *medical claim* against a physician, podiatrist, or a hospital be brought more than four years after the act or omission constituting the alleged *malpractice* occured * * * ." [3] (Emphasis added.)

We admit that this sentence is confusing. Yet, the operative limitation provision of R. C. 2305.11(A) expressly mentions "malpractice" without including "medical claims." As discussed above, our holding in *Hocking Conservancy Dist., supra,* requires that we continue to apply the common-law definition of "malpractice" when construing this statute of limitations. We find nothing in the statute to suggest that the General Assembly accepted the invitation of Judge Matthias in *Richardson, supra,* at 373, to extend the applicability of R. C. 2305.11(A) to the groups of people and the kind of conduct involved in these cases.

Accordingly, as to case No. 81-686, we reverse the Court of Appeals and remand the cause for further proceedings consistent with this opinion and App. R. 12(A). As to case No. 81-688, we reverse the Court of Appeals and remand the cause for further proceedings consistent with this opinion.

*Judgments reversed.*

CELEBREZZE, C. J., W. BROWN and C. BROWN, JJ., concur.

---

[2] R. C. 2305.11(D)(3) provides:

" 'Medical claim' means any claim asserted in any civil action against a physician, podiatrist, or hospital arising out of the diagnosis, care, or treatment of any person."

The General Assembly added this provision in 1975 as part of Am. Sub. H. B. No. 682 (136 Ohio Laws 2809, 2811).

[3] The General Assembly added this provision in 1975 as part of Am. Sub. H. B. No. 682 (136 Ohio Laws 2809, 2811).

SWEENEY, HOLMES and KRUPANSKY, JJ., dissent.

HOLMES, J., dissenting. Since I fundamentally disagree with the majority's analysis of R. C. 2305.11, as amended by Am. Sub. H. B. No. 682, I dissent.

As a starting point of analysis, courts must look to the legislative intent of the statute. In *Vance* v. *St. Vincent Hospital* (1980), 64 Ohio St. 2d 36, 40, this court discussed the legislative purpose of Am. Sub. H. B. No. 682, and stated that it was:

" * * * legislation declared to be 'an emergency measure necessary for the immediate preservation of the public peace, health, and safety' due to 'the fact that immediate action is necessary to insure a continuance of health care delivery to the citizens of Ohio.' *Id.,* at Section 8. The legislation was comprehensive in nature and consisted of a response to what was largely perceived throughout the country to be a medical malpractice 'crisis' manifested by sharply increased medical malpractice insurance premiums, cancellation of policies, and physician work slowdowns or stoppages." (Footnotes omitted.) See, also, *Beatty* v. *Akron City Hospital* (1981), 67 Ohio St. 2d 483.

As a tool to advance this purpose, the General Assembly adopted the concept of "medical claim." "Medical claim" is defined by R. C. 2305.11(D)(3) as:

"[*a*]*ny* claim asserted in any civil action against a physician, podiatrist, or hospital arising out of the diagnosis, care, or treatment of any person." (Emphasis added.)

Each of the present cases involves a claim in a civil action against a hospital which arose out of "the diagnosis, care, or treatment" of a person. Hence, each is a "medical claim."

The next question is: does the one-year limitation period contained in R. C. 2305.11(A) apply to all medical claims? Keeping in mind the legislative purpose of Am. Sub. H. B. No. 682, and that its provisions must be read *in pari materia* (*Denicola* v. *Providence Hospital* [1979], 57 Ohio St. 2d 115), I feel that this question must be answered affirmatively.

An examination of R. C. 2305.11 leads to the conclusion that the General Assembly used the words "malpractice" and "medical claim" interchangeably. The second paragraph of R. C. 2305.11(A) allows one to serve written notice, prior to

expiration of the time in R. C. 2305.11(A), upon a person and extend the time in which a suit may be brought against that person by up to 180 days from the time notice is given. This paragraph does not refer at all to malpractice. Rather, it uses the phrase "medical claim." This is evidence that the General Assembly considered the words "malpractice" and "medical claim" to be synonymous, for if the legislative intent was to give these words different meanings, it would make little sense to include actions such as the present one in a subsection that did not apply to them.

Likewise, in subsection (B) of R. C. 2305.11, there is an absolute four-year limitation placed upon all medical claims. This four-year period runs from the date "the act or omission constituting the alleged malpractice occurred." Once again, the General Assembly has used the words interchangeably.

Finally, I feel the majority's reliance upon *Hocking Conservancy Dist.* v. *Dodson-Lindblom Assoc.* (1980), 62 Ohio St. 2d 195, is misplaced. The precise question before the court in *Hocking* was whether professional engineers should be included within the definition of malpractice in R. C. 2305.11(A). Consequently, would engineers be afforded the protection of the one-year statute of limitations? Here, the question is what claims asserted against a hospital, which is an area specifically enumerated in R. C. 2305.11(A), are within the coverage of that section.[4]

As I would hold that R. C. 2305.11(A) applies to all medical claims, the judgments of the Courts of Appeals should be affirmed.

SWEENEY and KRUPANSKY, JJ., concur in the foregoing dissenting opinion.

---

[4] The hospitals were the defendants in these cases, not their employees.