KOLER, ADMR., APPELLEE, *v.* ST. JOSEPH HOSPITAL;
BARTEK ET AL., APPELLANTS.

DELIMAN ET AL., APPELLEES, *v.* READ ET AL., APPELLANTS.

[Cite as Koler v. St. Joseph Hospital (1982),
69 Ohio St. 2d 477.]

(Nos. 81-404 and 81-454—Decided February 26, 1982.)

478

*Stewart & DeChant Co., L.P.A.,* and *Mr. Lawrence E. Stewart,* for appellee in case No. 81-404.

*Reminger & Reminger Co., L.P.A., Mr. Gary H. Goldwasser* and *Mr. Douglas K. Fifner,* for appellants in case No. 81-404.

*Mr. Dennis M. Pfizenmayer,* for appellee in case No. 81-454.

*Miraldi & Barrett Co., L.P.A., Mr. Ray L. Miraldi* and *Mr. David P. Miraldi,* for appellant Read in case No. 81-454.

*Messrs. Kitchen, Messner & Deery, Mr. Charles W. Kitchen* and *Mr. Steven W. Albert,* for appellant St. Joseph Hospital in case No. 81-454.

*Per Curiam.* Appellants contend that the statute of

limitations for malpractice by a physician or hospital, in R. C. 2305.11(A), bars appellees' actions alleging wrongful death. We disagree.

In *Klema* v. *St. Elizabeth's Hospital* (1960), 170 Ohio St. 519, this court held, in paragraph one of the syllabus: "Where an alleged negligent act was such as would have, if death had not ensued, entitled a person to maintain an action therefor, a cause of action for wrongful death exists in such decedent's personal representative, and such cause of action for wrongful death can not be defeated merely by reason of the bar of limitation which would have been applicable to decedent's action." At the time, R. C. 2305.11 provided, in pertinent part: " 'An action for * * * malpractice * * * shall be brought within one year after the cause thereof accrued * * *.' " *Klema,* at 521. The *Klema* court recognized, however, that wrongful death is a statutory cause of action which is authorized by R. C. Chapter 2125 and different from malpractice which is a common-law action. "* * * That such action is completely distinct from that which accrued to the party directly injured is well established in this state. *Mahoning Valley Ry. Co.* v. *Van Alstine, Admr.,* 77 Ohio St., 395, 83 N. E., 601, 14 L. R. A. (N. S.), 893; *May Coal Co.* v. *Robinette, Admr.,* 120 Ohio St., 110, 165 N. E., 576, 64 A. L. R., 441; *Karr, Admr.,* v. *Sixt,* 146 Ohio St., 527, 67 N. E. (2d), 331.

"The distinction between the actions was well stated by Mr. Justice Van Devanter in *St. Louis, Iron Mountain & Southern Ry. Co.* v. *Craft,* 237 U. S., 648, 59 L. Ed., 1160, 35 S. Ct., 704, where he said, citing as an authority therefor the *Van Alstine* case:

" 'Although originating in the same wrongful act or neglect, the two claims are quite distinct, no part of either being embraced in the other. One is for the wrong to the injured person and is confined to his personal loss and suffering before he died, while the other is for the wrong to the beneficiaries and is confined to their pecuniary loss through his death. One begins where the other ends, and a recovery upon both in the same action is not a double recovery for a single wrong but a single recovery for a double wrong.' " *Klema,* at 521. Today, we reaffirm this analysis.

Under the current statutory scheme, this distinction en-

dures. R. C. Chapter 2125 deals with actions for wrongful death. At the time the instant cases arose, the operative language of R. C. 2125.02 was the same as that quoted by the *Klema* court: " 'Except as otherwise provided by law, every such [wrongful death] action must be commenced within two years after the death of such deceased person * * *.' " *Klema,* at 522.[4] The *Klema* court construed this provision as controlling, and we reach the same conclusion.

Appellants contend, however, that later amendments to R. C. 2305.11 supersede the holding in *Klema.* We disagree.

In 1975,[5] the General Assembly passed Am. Sub. H. B. No. 682 and amended the operative language of R. C. 2305.11 to read: "(A) An action for * * * malpractice, including an action for malpractice against a physician or a hospital * * * shall be brought within one year after the cause thereof accrued * * *." 136 Ohio Laws 2810. Appellants argue that, in particular, two other additions to R. C. 2305.11, which are contained in Am. Sub. H. B. No. 682, demonstrate a legislative intent to include wrongful death within the meaning of malpractice.

First, appellants observe that R. C. 2305.11(D)(3) defines the term "medical claim" as " * * * any claim asserted in any civil action against a physician or hospital arising out of the diagnosis, care or treatment of any person." 136 Ohio Laws 2811. Appellants reason that a wrongful death claim against a physician or hospital seeking damages because of the death of the patient is a "medical claim." Furthermore, appellants allude to the following portion of Am. Sub. H. B. No. 682: "(B) In no event shall any medical claim against a physician or hospital be brought more than four years after the act or omission constituting the alleged malpractice occurred." 136 Ohio Laws 2810. Appellants urge that we construe this provision as evidencing a legislative intent that "malpractice" and "medical claims" are interchangeable terms under R. C. 2305.11 as amended. Therefore, appellants conclude that all

[4] Am. Sub. H. B. No. 332, 1981 Session Laws, amends R. C. 2125.02 by striking the quoted provision and adding: "(D) All actions for wrongful death shall be commenced within two years after a decedent's death." The effective date of this provision is February 5, 1982.

[5] For purposes of analysis in these cases, we need not review the 1976 amendments to this provision. 136 Ohio Laws 3841-3842.

"medical claims," including those for wrongful death, fall within the one-year statute of limitations.

As we noted in *Lombard* v. *Medical Center* (1982), 69 Ohio St. 2d 471, this provision in R. C. 2305.11(B) is confusing. Yet, the operative language of R. C. 2305.11(A) remains clear: "An action for * * * *malpractice* * * * shall be brought within one year * * * ." (Emphasis added.) We must construe statutes of limitations narrowly within the statutory language. *Chisnell* v. *Ozier Co.* (1942), 140 Ohio St. 355, paragraph eight of the syllabus. "The *statute of limitations* contained in R. C. 2305.11(A) is limited to the areas specifically enumerated therein and to the common-law definition of 'malpractice.' " (Emphasis added.) *Hocking Conservancy Dist.* v. *Dodson-Lindblom Assoc.* (1980), 62 Ohio St. 2d 195. Whatever confusion there may be regarding the relative meanings of the terms "medical claim" and "malpractice" within the rest of R. C. 2305.11, for statute of limitations purposes, Am. Sub. H. B. No. 682 has not changed the meaning of "malpractice." "We do not believe the purpose of the General Assembly in adopting R. C. 2305.11(B) while leaving R. C. 2305.11(A) virtually unchanged was to alter this court's prior interpretations of the medical malpractice statute of limitations * * *." *Vance* v. *St. Vincent Hospital* (1980), 64 Ohio St. 2d 36, 41. Therefore, absent clear legislation to the contrary, this court's holding in *Klema* controls.

Accordingly, we affirm the judgments of the Court of Appeals.

*Judgments affirmed.*

CELEBREZZE, C. J., W. BROWN, LOCHER and C. BROWN, JJ., concur.

SWEENEY, HOLMES and KRUPANSKY, JJ., dissent.

CELEBREZZE, C. J., concurring. I concur in the majority's conclusion that wrongful death is a separate cause of action, distinct from malpractice. I write separately only to set forth additional reasons for endorsing this judgment.

R. C. 2305.11 specifically supersedes R. C. 2305.16. However, it does not mention wrongful death or R. C. 2125.02, which allows a cause of action for wrongful death to be brought within two years after the person's death.

Although the General Assembly has amended R. C. 2305.11 twice since 1974, it has not included wrongful death actions. If the General Assembly intended to include wrongful death, it could have easily inserted the appropriate language in R. C. 2305.11. The omission is evidence of an intent not to include it. In light of this, I conclude that wrongful death is not included in the malpractice statute and remains a separate cause of action governed by the statute of limitations in R. C. 2125.02.

This conclusion is supported by decisions of this court construing the malpractice statute. We have held that a husband's cause of action for consequential damages, arising out of a medical malpractice claim, is not covered by R. C. 2305.11. The syllabus of *Amer* v. *Akron City Hospital* (1976), 47 Ohio St. 2d 85, states that:

"An action by a husband for loss of consortium, loss of services, and medical expenses, arising from an alleged medical malpractice upon his wife, is governed by the time limitation set forth in R. C. 2305.09(D) and must be commenced within the period prescribed thereby, which period is not tolled until termination of the physician-patient relationship."

This position was reaffirmed more recently in *Whitt* v. *Columbus Cooperative* (1980), 64 Ohio St. 2d 355, 357.

It is important to note that R. C. 2305.11 does not mention consequential damages at issue in *Amer, supra,* nor wrongful death of concern in the case *sub judice.* Thus, wrongful death and consequential damages should be treated similarly. A consistent construction of the statute requires a conclusion that wrongful death not be in the malpractice statute, similar to our interpretation of consequential damages.

Finally, including wrongful death in the malpractice statute would lead to hardship and injustice. The effects of some acts of malpractice, such as excessive radiation, might not be apparent immediately. An afflicted person may not have even discovered the problem, within the time limits required for filing a malpractice action under R. C. 2305.11, even if the discovery, *Melnyk* v. *Cleveland Clinic* (1972), 32 Ohio St. 2d 198, or the termination of the physician-patient relationship, *Wyler* v. *Tripi* (1971), 25 Ohio St. 2d 164, exceptions are applied.

How can anyone be precluded from asserting a claim by a statute of limitations which expires before the right to a cause of action accrues? Justice requires that wrongful death remain a separate cause of action governed by the statute of limitations set forth in R. C. 2125.02.

CLIFFORD F. BROWN, J., concurring. The present two actions are not malpractice actions for which the time limitation of one year as set forth in R. C. 2305.11 applies, but are clearly wrongful death actions for which the time limitation of two years is established by R. C. 2125.02. Both actions were therefore timely filed. Their dismissal by the trial court was obvious error. The Court of Appeals correctly reversed the trial court.

The wide difference between a malpractice action and wrongful death action, and the reason for different time limitations for each action is made abundantly clear in *Klema* v. *St. Elizabeth's Hospital* (1960), 170 Ohio St. 519, paragraph one of the syllabus:

"Where an alleged negligent act was such as would have, if death had not ensued, entitled a person to maintain an action therefor, a cause of action for wrongful death exists in such decedent's personal representative, and such cause of action for wrongful death can not be defeated merely by reason of the bar of limitation which would have been applicable to decedent's action."

Similarly, in a long line of cases this court has construed the term "malpractice" strictly as applied to the defendant and liberally as applied to the plaintiff with reference to medical malpractice. In *Amer* v. *Akron City Hospital* (1976), 47 Ohio St. 2d 85, this court held an action by husband for loss of consortium and loss of services of his wife injured by medical malpractice of a physician governed by the four year period provided by division (D) of R. C. 2305.09 and not a medical malpractice action governed by the one year limitation period provided in R. C. 2305.11. See, also, *Richardson* v. *Doe* (1964), 176 Ohio St. 370; *Corpman* v. *Boyer* (1960), 171 Ohio St. 233. See, also, *Whitt* v. *Columbus Cooperative* (1980), 64 Ohio St. 2d 355; *Hocking Conservancy Dist.* v. *Dodson-Lindblom Assoc.* (1980), 62 Ohio St. 2d 195. That is the background and context in which we should review and apply

R. C. 2305.11, as amended in 1975 and 1976, to the facts in the present two cases.

*Klema* v. *St. Elizabeth's Hospital, supra,* clearly recites the history of the wrongful death statute, now R. C. 2125.02, as follows:

"The wrongful death action is a special statutory action which does not exist at common law. As a condition to the action, and not as a statute of limitations, a time limitation is set within which the action must be brought * * *." *Id.* at 524

" * * * This is a wrongful death action brought under and by virtue of the provisions of Section 2125.01, Revised Code. That such action is completely distinct from that which accrued to the party directly injured is well established in this state. *Mahoning Valley Ry. Co.* v. *Van Alstine, Admr.,* 77 Ohio St., 395, 83 N. E., 601, 14 L. R. A. (N. S.), 893; *May Coal Co.* v. *Robinette, Admr.,* 120 Ohio St., 110, 165 N. E., 576, 64 A. L. R., 441; *Karr, Admr.,* v. *Sixt,* 146 Ohio St., 527, 67 N. E. (2d), 331." *Id.* at 521.

Medical malpractice is separate and distinct from wrongful death. These are distinct wrongs. Malpractice is the wrong to the patient as an individual. Wrongful death is the wrong to the heirs and next-of-kin designated by statute.

We must determine whether the rule of law announced in *Klema* v. *St. Elizabeth's Hospital, supra,* and its progeny of cited cases above, has been altered by the amendments of R. C. 2305.11, effective July 28, 1975 and July 1, 1976. That statute, with the relevant amendments in capitals, and the relevant phrases emphasized, provides, in pertinent part, as follows:

"(A) An action for * * * *malpractice,* INCLUDING *AN ACTION* FOR *MALPRACTICE* AGAINST A PHYSICIAN, PODIATRIST, OR A HOSPITAL * * * shall be brought within one year after the cause thereof accrued * * *.

"IF A WRITTEN NOTICE, PRIOR TO THE EXPIRATION OF TIME CONTAINED *IN THIS DIVISION,* IS GIVEN TO *ANY PERSON IN A MEDICAL CLAIM* THAT AN INDIVIDUAL IS PRESENTLY CONSIDERING BRINGING AN ACTION AGAINST THAT PERSON RELATING TO PROFESSIONAL SERVICES PROVIDED *TO THAT INDIVIDUAL,* THEN *AN ACTION BY THAT IN-*

*DIVIDUAL* AGAINST THAT PERSON MAY BE COMMENCED AT ANY TIME WITHIN ONE HUNDRED EIGHTY DAYS AFTER THAT NOTICE IS GIVEN.

"(B) IN NO EVENT SHALL *ANY MEDICAL CLAIM* AGAINST A PHYSICIAN, PODIATRIST, OR A HOSPITAL BE BROUGHT MORE THAN FOUR YEARS AFTER THE ACT OR OMISSION CONSTITUTING THE ALLEGED MALPRACTICE OCCURRED * * *. THE LIMITATIONS IN THIS SECTION FOR FILING SUCH A MALPRACTICE ACTION * * * APPLY TO ALL PERSONS REGARDLESS OF LEGAL DISABILITY AND NOTWITHSTANDING SECTION 2305.16 OF THE REVISED CODE. * * *
" * * *

"(D) AS USED IN THIS SECTION:
" * * *

"(3) *'MEDICAL CLAIM'* MEANS *ANY CLAIM* ASSERTED IN ANY CIVIL ACTION AGAINST A PHYSICIAN, PODIATRIST, OR HOSPITAL ARISING OUT OF THE DIAGNOSIS, CARE, OR TREATMENT OF ANY PERSON." (Emphasis added.)

The General Assembly chose to retain in this amended statute the term "malpractice," and amended division (A) by using both the terms "malpractice" and "medical claim." However, in the context in which "medical claim" is used in division (A), the term necessarily excludes wrongful death actions, which can not be brought by "an individual * * * relating to professional services provided to that individual." While the term "medical claim" is broadly defined in subdivision (D)(3), the usage of the term in division (A) is considerably narrowed by its context.

The legislature said what it meant, and meant what it said, when it used both "malpractice" and "medical claim" in division (A). Neither term as used includes wrongful death actions. "Malpractice" retains its prior meaning, excluding wrongful death actions arising from alleged malpractice. "Medical claim," as used in the second paragraph of division (A), is limited to non-wrongful death actions, since the context requires that the suit be brought by the person injured, an impossibility in a wrongful death action. Thus, in both paragraphs of division (A) of R. C. 2305.11, the General

Assembly excluded wrongful death actions from the statute of limitations contained therein.

Further evidence of the legislative intent to exclude wrongful death actions from the one-year limitations period is found in division (B), which states that "medical claims," such as actions in favor of persons under legal disability designated in R. C. 2305.16 arising from alleged malpractice, may be brought no later than four years after the claimed act or omission. Therefore, some medical claims in favor of individuals personally sustaining injury as a result of medical malpractice may not be subject to the one year limitation contained in division (A).

Under R. C. 2125.02, the wrongful death statute of limitations, the period for bringing such actions is two years. This period was not changed by the amendment to R. C. 2305.11. The General Assembly not only retained the term "malpractice," a term which excluded wrongful death actions, but it also inserted it a second time into the statute in division (A). The legislators did not repeal by indirection the meaning of "malpractice." Rather, the General Assembly evidenced an intent to retain the distinction between wrongful death actions and malpractice claims, clearly excluding the wrongful death actions from the limitations period announced in both paragraphs of division (A) of R. C. 2305.11.

This distinction between wrongful death actions and malpractice actions-medical claims existed before the 1975 and 1976 amendments of R. C. 2305.11 and continues to exist. This conclusion that the two wrongful death claims are not barred by the one-year statute of limitations but are controlled by the limitation period for wrongful death actions contained in R. C. 2125.02 harmonizes with the legislative mandate of R. C. 1.11 and elementary principles regarding remedial and procedural laws.

R. C. 1.11 provides that "[r]emedial laws and all proceedings under them shall be liberally construed in order to promote their object and assist the parties in obtaining justice. * * * "

R. C. 2305.11 is a remedial law and as such should be liberally construed in order to promote its object and to assist the parties in obtaining justice by reaching the issues of

substantive law involved. *State, ex rel. Moritz,* v. *Troop* (1975), 44 Ohio St. 2d 90; *Van Meter* v. *Segal Schadel Co.* (1966), 5 Ohio St. 2d 185; *Indus. Comm.* v. *Musselli* (1921), 102 Ohio St. 10.

"[T]he rule of the common law that statutes in derogation thereof must be strictly construed" has no application to a statute of limitations which must be construed liberally in order to promote its object. *McAllister* v. *Hartzell* (1899), 60 Ohio St. 69, 88.

I concur in the majority opinion finding the applicable statute of limitations to be the two-year period as contained in R. C. 2125.02.

HOLMES, J., dissenting.

Based upon my dissenting opinion in *Lombard* v. *Medical Center* (1982), 69 Ohio St. 2d 471, at 475, I would hold that all medical claims are within the one-year limitation period contained in R. C. 2305.11(A). The claims in these cases, even though they are wrongful death actions, are medical claims as that term is defined by R. C. 2305.11(D)(3). Consequently, I would reverse the judgments of the Court of Appeals.

SWEENEY AND KRUPANSKY, JJ., concur in the foregoing dissenting opinion.