HOLZWART ET AL., APPELLANTS, *v.* WEHMAN ET AL., APPELLEES.

[Cite as Holzwart *v.* Wehman (1982), 1 Ohio St. 3d 26.]

(No. 82-73—Decided July 14, 1982.)

*Messrs. Spangenberg, Shibley, Traci & Lancione, Mr. John D. Liber* and *Mr. William Hawal,* for appellants.

*Flynn, Py & Kruse Co., L.P.A.,* and *Mr. Raymond N. Watts,* for appellee A. O'Halloran, M.D.

*Messrs. Shumaker, Loop & Kendrick* and *Mr. Jack G. Fynes,* for appellee Sandusky Memorial Hospital.

*Per Curiam.* Earlier this term in *Lombard* v. *Medical Center* (1982), 69 Ohio St. 2d 471 [23 O.O.3d 410], and *Koler* v. *St. Joseph Hospital* (1982), 69 Ohio St. 2d 477 [23 O.O.3d 413], this court construed the one-year statute of limitations in R.C. 2305.11 (A), as amended by the General Assembly in the Medical Malpractice Act of 1975. In *Lombard,* in the context of two suits brought against non-professional hospital employees, and *Koler,* involving two claims of wrongful death, and as indicated in the various opinions expressed in those cases,[1] a majority of this court found the one-year statute of limitations contained in R.C. 2305.11 (A) applies only to actions sounding in malpractice, as defined in the common law.

For that reason, the present case, involving a claim for loss of consortium, brought more than one year but less than four years after the cause of action thereof accrued, is not barred by the one-year statute of limitations, since the right of action for loss of consortium caused by the malpractice of a physician is not one for malpractice at common law. See *Corpman* v. *Boyer* (1960), 171 Ohio St. 233 [12 O.O.2d 368], paragraph one of the syllabus. Rather, this action is governed by the time limitation set forth in R.C. 2305.09(D). *Amer* v. *Akron City Hospital* (1976), 47 Ohio St. 2d 85 [1 O.O.3d 51]. Since the action was filed within four years from the time the cause thereof accrued, the decision of the Court of Appeals upholding the trial court's dismissals on the ground that the action was time barred is reversed.

*Judgment reversed.*

CELEBREZZE, C. J., W. BROWN, SWEENEY, LOCHER and C. BROWN, JJ., concur.

HOLMES and KRUPANSKY, JJ., dissent for the reasons stated in the dissenting opinions of HOLMES, J., in *Lombard* v. *Medical Center* (1982), 69 Ohio St. 2d 471 [23 O.O.3d 410], and *Koler* v. *St. Joseph Hospital* (1982), 69 Ohio St. 2d 477 [23 O.O.3d 413].

---

[1] Both opinions were 4-3 majorities. In *Lombard,* Justice Ralph S. Locher wrote for the majority, and Justice Robert E. Holmes wrote in dissent joined by Justices A. William Sweeney and Blanche Krupansky. In *Koler,* a *per curiam* opinion was joined by Justices Ralph S. Locher and William B. Brown, and by Chief Justice Frank D. Celebrezze and Justice Clifford F. Brown each concurring separately, with a dissent by Justice Robert E. Holmes, again joined by Justices A. William Sweeney and Blanche Krupansky.