OPINION
Although this appeal was originally assigned to the accelerated docket, we have elected to render a full opinion in accordance with Loc.R. 12(5).
Plaintiff-Appellants, Deidre and Terry Priddy, appeal the judgments of the Court of Common Pleas of Union County dismissing their complaint, and denying their motion for relief from judgment pursuant to Civ.R. 60(B). The following procedural facts are pertinent to the instant matter:
Although the original complaint is not contained in the record, it is apparent that Appellants filed an action within the statute of limitations against Defendant-Appellee, Jennifer Ferguson, following a May 16, 1996, motor vehicle accident. Appellants asserted claims for personal injury and loss of consortium. Thereafter, on July 14, 1998, for reasons not specified, Appellants filed a notice of voluntarily dismissal, without prejudice, pursuant to Civ.R. 41(A)(1)(a).
On July 9, 1999, counsel for Appellants attempted to refile the complaint within one year from the date of the notice of dismissal, by mailing the complaint via ordinary mail to the office of the Union County Clerk of Courts. Prior to reaching its intended destination and for reasons not clearly outlined in the record, the document was returned to counsel sometime around July 23, 1999, with the envelope marked "Addressee Unknown". The complaint was subsequently filed in the clerk's office on July 29, 1999.
On August 19, 1999, Appellee filed a motion to dismiss the personal injury claim because it was filed outside the permissible time limit. On August 23, 1999, the trial court granted the motion. However, although Appellee requested the court to dismiss only the personal injury claim, the trial court dismissed the loss of consortium claim as well.
Appellants then attempted to obtain relief from the dismissal by filing a motion pursuant to Civ.R. 60(B)(1) and (5). Appellants specifically argued that the failure of the Postal Service to timely deliver the mailing to the Clerk should be considered excusable neglect and that, in the interest of justice, the case should be heard on its merits. The trial court overruled Appellants' motion on September 1, 1999. This appeal followed wherein Appellants assert three assignments of error for our review. For the sake of clarity, we have chosen to address Appellants' arguments outside of their original order.
 Assignment of Error II The trial court erred when it granted Appellee's motion to dismiss.
R.C. 2305.10 provides that a claim for personal injury must be brought within two years after the cause of action arose. In the event that an original complaint is timely filed, Civ.R. 41(A)(1)(a) permits a plaintiff to dismiss the action without prejudice "by filing a notice of dismissal at any time before the commencement of trial * * *."
Moreover, the applicable savings statute provides:
 In an action commenced, * * * if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of reversal or failure has expired, the plaintiff * * * may commence a new action within one year after such date.
R.C. 2305.19. A dismissal without prejudice filed pursuant to Civ.R. 41(A)(1)(a) is a "failure otherwise than upon the merits" under this savings statute. Costell v. Toledo Hospital (1988),38 Ohio St.3d 221, 223.
In the case at bar, it is undisputed that the original complaint was timely filed following the May 16, 1996 motor vehicle accident. It is also clear from the record that the Civ.R. 41(A)(1)(a) dismissal was filed on July 14, 1998, more than two years after the cause of action arose. Thus, R.C. 2305.19
afforded Appellants an extra year within which to refile the action. However, the record establishes that the complaint was not refiled until July 29, 1999, more than one year from the date of the voluntary dismissal. Therefore, the trial court did not err in dismissing the complaint for failure to file within the statute of limitations.
We must also point out that although Appellants maintain that the trial court erred in entertaining Appellee's statute of limitations defense in a motion to dismiss rather than in a motion for summary judgment, this argument is not well-taken. While it is true that affirmative defenses, such as the expiration of the statute of limitations, are generally not properly raised in a motion to dismiss, an exception to this rule exists when the complaint "conclusively shows on its face that the action is barred by the statute of limitations." Hickle v. Malone (1996),110 Ohio App.3d 703, 706. See also, Steiner v. Steiner (1993),85 Ohio App.3d 513, 518-519. Here, the file-stamped date, which is located on the face of the complaint, clearly demonstrated that the action was refiled outside the permissible time limits. Thus, Appellee was not required to assert her defense in a motion for summary judgment.
Based upon the foregoing reasons, Appellants' second assignment of error is overruled.
 Assignment of Error I The trial court erred when it failed to grant Appellants' relief pursuant to Civ.R. 60(B).
Civ.R. 60(B) states, in relevant part:
 On motion and upon such terms as are just, the court my relieve a party or his legal representative from a final judgment * * * for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; * * * or (5) any other reason justifying relief from the judgment * * *.
In GTE Automatic Elec. Inc. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, at paragraph two of the syllabus, the Supreme Court of Ohio established the criteria that a party must demonstrate in order to prevail on a motion for relief from judgment:
 To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment * * * was entered or taken.
Because these requirements are written in the conjunctive rather than disjunctive, one must satisfy all three criteria in order to be entitled to relief. Id. at 151; Verco Industries v. FintasticPet Centers (Oct. 28, 1998), Marion App. No. 9-98-17, unreported.
The decision to grant or deny a 60(B) motion lies within the sound discretion of the trial court and will not be reversed on appeal absent an abuse of discretion. Strack v. Pelton (1994),70 Ohio St.3d 172, 174. An abuse of discretion is a decision that can be characterized as arbitrary, unreasonable or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. We are also mindful that Civ.R. 60(B) is remedial in nature and thus, courts should apply a liberal interpretation so as to have cases decided upon their merits. Colley v. Bazell (1980), 64 Ohio St.2d 243,248.
Since we find it to be dispositive of this assignment of error, our analysis will focus on the second prong of the GTE
test, which is whether Appellants are entitled to relief under the grounds set forth in Civ.R. 60(B)(1) or (5). We will first discuss Civ.R. 60(B)(1), which provides that a movant may be granted relief from final judgment due to "mistake, inadvertence, surprise or excusable neglect." Appellants specifically assert that the failure of the Postal Service to timely deliver the complaint to the Clerk should be deemed excusable neglect.
As a threshold matter, we must note that there appears to be a question as to whether Civ.R. 60(B) should even apply where relief from judgment would entitle the movant to circumvent the savings statute contained in R.C. 2305.19. We decline to reach the issue herein, and will assume, merely for the sake of argument, that Civ.R. 60(B) is applicable to this case.
Generally, for purposes of Civ.R. 60(B)(1), the neglect of a party's attorney is imputed to that party. GTE Automatic Elec.,Inc., 47 Ohio St.2d 146 at 153. It has been held that "[t]he term `excusable neglect' is an elusive concept which has been difficult to define and to apply." Kay v. Marc Glassman, Inc. (1996),76 Ohio St.3d 18, 20. Neglect that is not considered excusable has been labeled as a "complete disregard for the judicial system."GTE Automatic Elec., Inc., 47 Ohio St.2d 146 at 153. Inexcusable neglect has also been defined as conduct that falls "substantially below what is reasonable under the circumstances." Vanest v.Pillsbury Co. (1997), 124 Ohio App.3d 525, 536. In addition, despite the presence of special or unusual circumstances, many courts have declined to grant relief from judgment based upon excusable neglect "if the party or his attorney could have controlled or guarded against the happening of the special or unusual circumstance * * *." Id. citing e.g., Caruso-Ciresi, Inc.v. Lohman (1984), 5 Ohio St.3d 64; Griffey v. Rajan (1987),33 Ohio St.3d 75.
The facts of this case lead us to conclude that Appellants should not be entitled to relief from judgment based upon excusable neglect. Civ.R. 3(A) states that "a civil action is commenced by filing a complaint with the court * * *". Civ.R. 5(E) further provides that "filing" generally means that documents such as pleadings must be filed with the clerk of court. See, also, Hecker v. Norfolk W. Ry. Co. (1993), 86 Ohio App.3d 543,545. Clearly, placing a pleading in the mail does not constitute filing.
Nonetheless, although counsel for Appellants concedes that he was well aware of the fact that the action had to be refiled no later than July 14, 1999, one year from the date of the voluntary dismissal, he chose to send the complaint to the Clerk by ordinary mail just five days prior to the due date. More significantly, the facts indicate that Appellants' attorney entirely failed to follow-up with the Clerk in order to verify whether the complaint had been received and filed. This is true despite the fact that the record contains a letter from counsel, which accompanied the complaint, requesting the Clerk to return a file-stamped copy of the document upon receipt. At the very least, counsel should have become suspicious when a copy was not forthcoming. Therefore, even though this alleged failure by the Postal Service may arguably be considered a special or unusual circumstance, we do not find that the trial court abused its discretion in denying Appellants' motion on the basis of excusable neglect because counsel could have easily controlled or guarded against such a result.
Appellants, however, urge this court to find excusable neglect. In support of their argument, Appellants rely uponGoings v. Hutchins (Jan. 21, 1994), Clark App. No. 2984, unreported. In that case, Appellants were required to file a response to a "renewed" motion to dismiss their legal malpractice claim by April 27, 1992. Although their attorney prepared the document and placed it in the mail prior to the due date, the evidence suggested that the clerk returned the response because the postage was underpaid by 23 cents. In applying the GTE test to that case, the Second District Court of Appeals held that "underpayment of postage by 23 [cents] qualified as mistake, inadvertence, or excusable neglect."
The instant matter is factually distinguishable from Goings.
Initially, we must reiterate that simply mailing a document does not constitute a "filing." In order to be "filed," a document must be actually delivered to and received by the official custodian. Fulton v. State ex rel. General Motors Corp (1936),130 Ohio St. 494, 497-500; Duffy v. Hamilton Cty. Bd. of Commrs.
(1994), 92 Ohio App.3d 717, 721; Great Northern Properties Co. v.McCormack (Mar. 10, 1994), Cuyahoga App. Nos. 64868, 64893, 64912, 65346, 65504 and 66586, unreported.
This court has previously held, in an analogous situation, that a complaint that was file-stamped by the Clerk after the limitations period was time barred. This was true even though the document was sent by mail within the limitations period since the evidence failed to demonstrate that the complaint was actually delivered to the Clerk and filed within the period. Ins. Co. ofN. Am. V. Reese Refrig. (1993), 89 Ohio App.3d 787.
In Goings, the evidence demonstrates that the pleading actually reached the Clerk of Courts; that the Clerk refused to complete the filing; and that follow-up action could not have prevented the ultimate result. As our previous discussion illustrates, that is not the situation herein. Thus, Appellants have not demonstrated that the trial court abused its discretion in denying their motion based upon Civ.R. 60(B)(1).
We now turn our attention to Appellants' argument that Civ.R. 60(B)(5) should apply to the case sub judice. Civ.R. 60(B)(5) is known as the "catch-all provision" and permits a court to grant such a motion for "any other reason justifying relief." However, it is well-established that this provision is not to be used as a substitute for any other grounds set forth in the rule.Caruso-Ciresi, Inc. v. Lohman (1984), 5 Ohio St.3d 64, paragraph one of the syllabus.
Appellants' motion for relief from judgment and the brief submitted to this court do not describe any additional facts that would justify granting relief under this provision. Therefore, the trial court did not abuse its discretion in denying Appellants' motion under Civ.R. 60(B)(5).
Based upon the foregoing, Appellants' first assignment of error is overruled.
Appellants assert the following as their third assignment of error:
Assignment of Error III
 The trial court erred when, on its own motion, it dismissed the loss of consortium claim of Appellant Terry Priddy.
In their final assignment of error, Appellants claim that the trial court erred in dismissing the loss of consortium claim on the basis of untimely filing. Appellee concedes that the court's action was erroneous because a claim for loss of consortium is governed by the four-year statute of limitations set forth in R.C.2305.09 rather than the two-year statute of limitations for personal injury claims. Holtzwart v. Wehman (1982), 1 Ohio St.3d 26. Therefore, since Appellants filed the loss of consortium claim well within the applicable time limits, the complaint was incorrectly dismissed on that issue.
Accordingly, Appellant's third assignment of error is sustained.
Having found error prejudicial to the Appellants herein, in the particulars assigned and argued, the judgment of the trial court is reversed insofar as it relates to the dismissal of the loss of consortium claim. The remainder of the judgment is hereby affirmed.
Judgment affirmed in part, reversed in part and cause remanded.
HADLEY and SHAW, JJ., concur.