OPINION
In the summer of 1981 and throughout 1982, the son of plaintiffs-appellants Frances and Robert Loudin was sexually assaulted by Dennis Mills, who had been a long-time family friend. As a result of these assaults, the Loudins' son suffered severe emotional injuries, rebelled against his parents, became a chronic runaway, and abused alcohol and drugs. Unaware of the reason for their son's behavior, the Loudins endured a loss of filial companionship with their son, which included separations from their son while he was a runaway and while he was treated for his emotional injuries. Until February 1997, the Loudins' son concealed from his parents the sexual assaults committed by Mills.
In 1999, the Loudins filed a lawsuit against Mills, seeking damages for the expenses they had incurred in the 1980s for the treatment rendered to their son, and for the loss of consortium they had experienced during those years. Additionally, the Loudins sought damages for the intentional infliction of emotional distress and the negligent infliction of emotional distress they experienced upon learning that Mills had committed sexual assaults on their son. In his answer, Mills admitted the allegations in the complaint, but he later asserted in a summary-judgment motion that any action taken against him as a result of the Loudins' claims was barred by the applicable statute of limitations.
The trial court agreed with Mills's argument that the lawsuit brought against him was based upon claims derived from the sexual assaults committed against the Loudins' son. The court determined that the one-year statute of limitations applicable to any claims that could have been brought by the Loudins' son was also applicable to the Loudins' claims, but that the limitations period was tolled until the date the Loudins first learned of the sexual assaults. Thus, the Loudins had only one year after they discovered the sexual assaults, or until 1998, to commence an action against Mills. Since the Loudins failed to commence their action within one year, the trial court granted summary judgment in favor of Mills.
On appeal, the Loudins claim, in a single assignment of error, that the trial court erred in applying the one-year statute of limitations to the commencement of their action. The Loudins argue that their claims are not derivative of the sexual assaults committed against their son, that their claims are independent of the harm caused to their son, and that they had at least two years after they first discovered the sexual assaults on their son within which to commence their action.
A court may grant summary judgment only when the moving party demonstrates that the record is devoid of genuine issues of material fact and that reasonable minds can come to but one conclusion, which is adverse to the nonmoving party. See Civ.R. 56(B); see, e.g., Mitseff v. Wheeler (1988), 38 Ohio St.3d 112,115, 526 N.E.2d 798, 801; Dresher v. Burt (1996), 75 Ohio St.3d 280,293, 662 N.E.2d 264, 274. Where there are no disputed issues, summary judgment is properly granted to avoid a formal trial; however, the trial court may only grant summary judgment after construing the evidence in favor of the nonmoving party. See Norris v. Ohio Std. Oil Co. (1982), 70 Ohio St.2d 1, 2,433 N.E.2d 615, 616; Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317,327, 364 N.E.2d 267, 274. An appellate court reviews the record de novo to determine whether summary judgment is appropriate. See id.; Wille v. Hunkar Laboratories, Inc. (1998),132 Ohio App.3d 92, 724 N.E.2d 492.
Were this case brought by the Loudins' son, the trial court's decision could be affirmed without much analysis. In Doev. First United Methodist Church (1994), 68 Ohio St.3d 531,629 N.E.2d 402, paragraph two of the syllabus, the Ohio Supreme Court held that "a minor who is the victim of sexual abuse has one year from the date he or she reaches the age of majority to assert any claims against the perpetrator arising from the sexual abuse where the victim knows the identity of the perpetrator and is fully aware of the fact that a battery has occurred." If the Loudins' son had repressed the memory of the sexual assaults, then the statute of limitations would be tolled until he first remembered the assaults. See Ault v. Jasko (1994), 70 Ohio St.3d 114, 115,637 N.E.2d 870, 871; Love v. Port Clinton (1988), 37 Ohio St.3d 98,524 N.E.2d 166; Scott v. Borelli (1995), 106 Ohio App.3d 449,666 N.E.2d 322. There is no dispute that (1) Mills sexually assaulted the Loudins' son while he was a minor; (2) upon reaching the age of majority, eighteen, the Loudins' son failed to commence any action against Mills within one year; and (3) the Loudins' son did not suffer from a repressed memory that would have tolled the commencement of the limitations period.
Although it would be easy for this court to simply apply the Loudins' son's limitations period to the Loudins' claims, we cannot do so. We begin our analysis with the parents' derivative claims.
The Loudins' claims of loss of consortium and reimbursement for incurred losses related to their son's behavior and treatment after the sexual assaults were derived directly from those assaults. See Gallimore v. Children's Hosp. Med. Ctr. (1993),67 Ohio St.3d 244, 617 N.E.2d 1052; see, also, Sequin v. Gallo
(1985), 21 Ohio App.3d 163, 164, 486 N.E.2d 1270, 1272, citingGrindell v. Huber (1971), 28 Ohio St.2d 71, 275 N.E.2d 614, paragraph one of the syllabus. Because the Loudins' claims were derivative, third-party claims, the applicable statute of limitations provided four years from the date upon which the claims accrued. See R.C. 2305.09(D); Holzwart v. Wehman (1982),1 Ohio St.3d 26, 437 N.E.2d 589. Although the Loudins did not immediately become aware of the cause of their son's behavioral problems and the costs incurred in treating these problems, the Loudins' claims were not tolled by their son's failure to inform them of the sexual assaults. See Amer v. Akron City Hosp. (1976),47 Ohio St.2d 85, 351 N.E.2d 479, syllabus; Neilsen v. BarbertonCitizens Hosp. (1982), 4 Ohio App.3d 18, 446 N.E.2d 209. The limitations period was tolled, however, until 1984, the year the Loudins' son reached the age of majority. See Hershberger v.Akron City Hosp. (1987), 34 Ohio St.3d 1, 516 N.E.2d 204, paragraph two of the syllabus. Thus, the Loudins' derivative claims for loss of consortium and treatment expenses had limitations periods that expired in 1988, which was eleven years prior to the commencement of their action against Mills.
Unlike the derivative claims, the claims for negligent and intentional infliction of emotional distress were separate claims brought by the Loudins for the emotional distress they directly suffered upon the discovery that their son had been sexually assaulted by Mills. These claims were not brought by the victim of the sexual assaults, so we need not restrict the limitations periods for these claims to the essential character of the underlying tort. Cf. Love, supra; Ault, supra; Doe, supra. Consequently, the applicable statute of limitations for the Loudins' intentional-infliction-of-emotional-distress claim is four years. See R.C. 2305.09(D); Yeager v. Local Union 20 (1983),6 Ohio St.3d 369, 375, 453 N.E.2d 666, 672. And the statute of limitations for the Loudins' negligent-infliction-of-emotional-distress claim is two years. SeeLawyers Cooperative Publishing Co. v. Muething (1992),65 Ohio St.3d 273, 280-281, 603 N.E.2d 969, 975; see, also, R.C. 2305.10.
Despite our holding that the Loudins' claims for negligent and intentional infliction of emotional distress were not subject to their son's one-year limitations period, we must address when these two claims accrued and if the limitations period was tolled by the Loudins' son's concealment of the sexual assaults for almost thirteen years after he reached the age of majority. In its decision, the trial court extended the discovery rule to all of the claims asserted by the Loudins, so that the limitations period was tolled until 1997. The discovery rule assumes that a tort has been completed, yet has gone undiscovered until a later date. See Biro v. Hartman Funeral Home (1995), 107 Ohio App.3d 508,514, 669 N.E.2d at 69, citing O'Stricker v. Jim Walter Corp.
(1983), 4 Ohio St.3d 84, 447 N.E.2d 727. Thus, although the cause of action has accrued, the commencement of the running of the statute of limitations has been tolled until the date of first discovery. See id. Unlike the cases in which the discovery rule has been applied to toll the running of the statute of limitations, see Ault, supra, at 116, 637 N.E.2d at 872, here the victim who experienced the direct injury from the defendant chose to forgo the commencement of an action in his own right against the tortfeasor and concealed from his parents the sexual assaults so that the parents were unable to commence their own action against the tortfeasor.
It appears that no case in Ohio has addressed the accrual of or limitations periods for negligence claims brought by parents as a result of a sexual assault committed upon a child when that child conceals from his parents the sexual assault until many years after reaching the age of majority. After an exhaustive search of case law throughout the United States, we have found one case, from the state of Wisconsin, that is very much on point and quite helpful in analyzing the issues in this case.
In Joseph W. v. Catholic Diocese of Madison (1997),212 Wis.2d 925, 569 N.W.2d 795, a Catholic priest, Father Trainor, sexually assaulted Joseph W. on numerous occasions during 1983 and 1984. Joseph never repressed the memory he had of the sexual assaults. Id. Although Joseph sought treatment from a number of health professionals over the years, he never told his parents or anyone else about the sexual assaults, because he was ashamed and frightened. Id. Joseph first informed his parents of the assaults in 1994, ten years after the incidents occurred. Id.
In April 1994, Joseph's parents filed suit against the Diocese and St. Thomas Church, where Father Trainor had been a priest. Id. The suit contained claims for negligent infliction of emotional distress, loss of consortium, and reimbursement for medical expenses for Joseph's treatment as a result of the sexual assaults. Id. Joseph's parents claimed that their causes of action did not accrue until 1994, when they first learned of the sexual assault on Joseph; however, the defendants won summary judgment for the reason that the parents' claims were time-barred. Id.
On appeal, the Wisconsin Court of Appeals held that the parents' negligence claims accrued at the time of the last sexual assault on Joseph, even though Joseph did not tell his parents of the abuse until ten years after the last assault. Id. The Wisconsin court held that the tolling provision for Joseph's minority applied to his parents' claims, such that the statute of limitations for those claims began to run on the same date that Joseph could have brought his own claims. Id. The Wisconsin court stated that "parents may not have control over when their child tells them of an assault," and that Joseph's parents made a strong case for extending the discovery rule to toll the limitations period for their claims until the date Joseph told them of the sexual assault; however, the court held that it would be unfair for potential defendants to be exposed indefinitely to such claims, because of "the difficulty of defending against [the claims] and the risk of fraudulent claims." Id. at 942-945,569 N.W.2d at 801-802.
We agree with the reasoning set forth in Joseph W.,supra. We hold that a cause of action by parents related to a sexual assault on their minor child, which arises out of the sexual assault as a separate cause of action, accrues at the time of the last assault. Although the cause of action accrues on the date of the last assault, we hold that the statute of limitations does not begin to run until the child reaches the age of majority. The discovery rule, therefore, does not toll the limitations period until the parents first learn of the sexual assault. Thus, if a child chooses not to inform the parents of the sexual assault until sometime after the limitations period for bringing the parents' claims expires, the parents' claims are time-barred. We further limit our holding to cases where the child does not have a repressed memory.
We summarize our decision today as follows: The Loudins' claims for their loss of consortium and for treatment expenses were derivative claims subject to a four-year limitations period. Although they arose out of the sexual assaults committed against the son, the Loudins' claims for negligent and intentional infliction of emotional distress were separate claims subject to two- and four-year limitations periods, respectively. All of the Loudins' claims accrued on the date of the last sexual assault committed against their son, but the commencement of the applicable limitations periods was tolled until 1984, when the Loudins' son turned eighteen. Because Mills successfully demonstrated, in his motion for summary judgment, that the Loudins' claims were barred by the statute of limitations, we overrule the Loudins' assignment of error.
Our reasoning differs to some degree from the reasoning of the trial court, but the result is the same. Therefore, we affirm the entry of summary judgment for Mills, but modify that entry so that all language referring to the tolling of the claims until the date of discovery of the sexual assaults and to the application of a one-year limitations period to all of the Loudins' claims is deleted.
Judgment affirmed as modified.
 __________________________ WINKLER, Judge.
 GORMAN, P.J., and SUNDERMANN, J., concur.