{¶ 25} I respectfully concur separately for the following reasons. Initially, I note that Graham has failed to specifically assign as error the trial court's allowing Nigh to enter an appearance more than two years after the complaint was filed. Since no assignment of error was raised as to this issue, the matter is waived and need not be addressed.
 {¶ 26} The three assignments of error each depend upon whether the motion to dismiss was properly granted. If the motion was properly granted, then the trial court did not abuse its discretion in dismissing the complaint and did not deprive Graham of a jury trial as claimed in the assignments of error. Pursuant to this court's prior opinion inPriddy v. Ferguson (Dec. 14, 1999), 3rd Dist. No. 14-99-38, I would affirm the trial court. The proper method for raising the statute of limitations is a motion for summary judgment, not a motion to dismiss. "While it is true that affirmative defenses, such as the expiration of the statute of limitations, are generally not properly raised in a motion to dismiss, an exception to this rule exists when the complaint `conclusively shows on its face that the action is barred by the statute of limitations.'" Id. at *2 (citing Hickle v. Malone (1996),110 Ohio App.3d 703, 706, 675 N.E.2d 48). Because the complaint conclusively shows that *Page 13 
it was filed beyond the applicable statute of limitations, I concur in the affirmance of the trial court's judgment dismissing the complaint.